JAMES WALDRON GILLESPIE, Respondent, *v.* PHILIP WEINBERG et al., Appellants.

EASEMENTS — PASSING AND REPASSING. Under a reservation of an easement in an alley "for the purpose of passing and re-passing" to the street on which the alley opens, without other restriction, the alley may be used for the passage of teams and vehicles, as well as foot travelers, so far as is necessary to the reasonable use and enjoyment of the dominant premises, although the uses and occupancy of the premises may have been changed.

*Arnold* v. *Fee* (148 N. Y. 214), followed.

Reported below, 6 Misc. Rep. 302.

(Argued January 14, 1896; decided January 21, 1896.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

December 29, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

Plaintiff and defendants are adjoining owners of premises in the city of New York, and derived their respective estates from a common grantor. The plaintiff's premises are No. 826 Broadway, and the defendants' premises No. 828 Broadway. A small, irregular piece of ground in the rear of No. 826 Broadway, which is the northeast corner of Broadway and Twelfth street, connects No. 828 Broadway, which adjoins No. 826 Broadway on the north, with East Twelfth street. This piece of ground has long been used as an alley or passageway between No. 828 Broadway and Twelfth street. This action was brought to restrain the defendants from improperly using the alleyway, and to require them to take down certain fire escapes which they had erected and so constructed as to project over the piece of ground in question.

The fee of the alley is in plaintiff subject to the right of defendants, conferred by a reservation in the deed to plaintiff, to use the " alley in common for the purpose of passing and re-passing　*　*　*　to and from Twelfth street."

The trial judge accompanied his decision with an opinion, of which the following is a portion: " The reservation to which the defendants have succeeded is the use only of the space designated as ' alley,' and it is a restricted use limited to ' passing and re-passing.' The right acquired by the defendants is a naked easement in the use specifically prescribed. (See *Grafton* v. *Moir*, 130 N. Y. 470; *Winston* v. *Johnson*, 42 Minn. 398; 45 N. W. Rep. 958, and cases cited in *Knabe* v. *Levelle*, N. Y. L. J., Jan. 14, 1893.) The privilege of passing and re-passing gives no authority to deposit materials in the alley or to cart goods in or out of it. (See *Cousens* v. *Rose*, L. R. [12 Eq.] 366.) The uses to which the defendants have devoted the alley are inconsistent with and obstructive of the paramount rights of the plaintiff as owner of the fee, and they must be limited in such use to conform to the purpose expressed in the reservation contained in the grant.

The plaintiff is, therefore, entitled to judgment directing the defendants to remove so much of the fire escapes, shutters and shutter eyes as extend over and upon the alley to the injury of the plaintiff, and enjoining the defendants from using the alley except in the manner prescribed, to wit, 'passing and re-passing.' "

Judgment was entered accordingly, requiring the defendants to remove from their building, No. 828 Broadway, all the fire escapes, shutters and shutter eyes which were over the alley, and restraining them and their tenants from depositing any substances or materials of any kind in the alley or on the sidewalk abutting thereon, and from using the alley except for the purpose of " passing and re-passing from 828 Broadway to and from Twelfth street."

The defendants appealed from this judgment to the General Term, where it was affirmed ; and from the judgment of affirmance the present appeal to this court was taken.

*Edward C. James* for appellants.

*G. Willett Van Nest* for respondent.

*Per Curiam.* We do not assent to the opinion of the trial court that the defendants are not entitled to use the alley in question to cart goods to and from their premises. We think the alley may be used for the passage of teams and vehicles as well as for foot travelers, so far as is necessary to the reasonable and proper use and enjoyment of the defendants' premises, although their uses and occupancy may have been changed. We so held in *Arnold* v. *Fee* (148 N. Y. 214). But as the judgment in no way restrains the defendants from passing and repassing to and from their premises, it should be affirmed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.