(Supreme Court, Special Term, Delaware County. March 14, 1901.)

1. TELEGRAPHS AND TELEPHONES—RIGHT TO MAINTAIN LINE—PRESUMPTION.

The maintenance of a telephone line over the land of another for over 20 years does not raise a presumption that the company originally had a license so to do, but it will be presumed that such occupation was subordinate to the rights of the land owner.

2. SAME—ADVERSE POSSESSION.

A telephone company erecting its lines on the land of another without a claim of title cannot acquire a right by adverse possession to continue such lines thereon.

3. SAME—LEGISLATIVE GRANT—POWER OF LEGISLATURE.

A legislative grant to a telephone company, authorizing it to erect its lines along the public highway, does not authorize the company so to do without compensation to the abutting owners, the legislature having no power to give title to the premises, or to impose an additional burden thereon.

4. SAME—LICENSE—CONVEYANCE—REVOCATION.

A parol permission by the owner of real estate to a telephone company to erect its poles on his land is revoked by a subsequent conveyance of the land.

5. SAME—PAROL LICENSE.

A parol license to erect a telephone line over real property does not operate to pass any title in the premises.

6. SAME—EJECTMENT.

Where a telephone company is maintaining its poles over the land of another without authority, the land owner may maintain an action to eject such company and to restrain it from the further use and occupation of the premises.

Ejectment by Samuel W. Andrews against the Delhi & Stamford Telephone Company. Judgment for plaintiff.

C. L. Andrus, for plaintiff.

O'Connor & O'Connor, for defendant.

FORBES, J. This is an action of ejectment, brought for the purpose of removing from the plaintiff's land certain telephone poles and wires, and to restrain the further use and occupation by the defendant of the plaintiff's premises with the defendant's said line, now in operation between the villages of Stamford and Delhi, in the county of Delaware. These poles and wires were erected in the year 1876, and the line has been in the occupation and use by the defendant as a telephone and telegraph line since that time. The poles were erected and the line was strung along the public highway upon the premises owned and occupied by the plaintiff and his grantors. The plaintiff, desiring to make improvements on said premises in the vicinity of his residence, procured the consent of the proper town authorities of his town for leave to change the location of the highway,—to straighten an angle in said highway in front of his premises. The highway was thereupon changed, and the plaintiff commenced to improve and ornament said premises in the vicinity of his house,

laying out a lawn and private approaches, planting shade trees, grading, ornamenting, and adorning the premises in question as a country summer residence. The highway originally ran very close to the farm buildings, and, as the highway was then situated, it afforded very little opportunity for lawns, paths, and ornamentation. After the road was changed, the defendant's telephone line ran directly through the lawn, and close to the defendant's dwelling house, upon said premises. The plaintiff sought to have the defendant remove its line to some more convenient location. This the defendant refused to do, except upon certain onerous conditions imposed by it. This action was brought by the plaintiff to compel the removal from his premises of said line and the poles upon which the wires are strung.

The defendant claims that, the line having been erected and used for more than 20 years, and peaceably occupied by the defendant company, the defendant has acquired title to the location in question, first, by original consent, subsequently by adverse possession. There is no direct evidence in this case to show that consent was originally given for the erection of the poles and the stringing of the wires thereon by defendant corporation. It is claimed by the defendant corporation that it has been in open, actual, and notorious possession of that portion of the premises used by it during all of the time since 1876, under a claim of title adverse to the plaintiff and his grantors; and that from such occupation the presumption arises that the defendant originally did have a license to erect its poles and lines in the public highway upon and along the premises in question. We must take the situation as we find it. It is a principle of law that permission cannot be inferred from a superficial occupation of another's premises. Wiseman v. Lucksinger, 84 N. Y. 31, 38 Am. Rep. 479; Railroad Co. v. Garvey, 159 N. Y. 334, 54 N. E. 60. The presumption rather is that the occupation was and is subordinate to the rights of the person having the actual title to and being in possession of such premises. Winne v. Savings Inst., 37 Hun, 349; Broiestedt v. Railroad Co., 55 N. Y. 220; Bliss v. Johnson, 94 N. Y. 235; Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994; Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527; Archibald v. Railroad Co., 157 N. Y. 574, 52 N. E. 567. Adverse possession cannot be obtained against the owner in fee except by one having a claim of title. Broiestedt v. Railroad Co., 55 N. Y. 220; Wiseman v. Lucksinger, 84 N. Y. 33, 38 Am. Rep. 479; Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527; Archibald v. Railroad Co., 157 N. Y. 574, 52 N. E. 567; Cutting v. Burns, 57 App. Div. 185, 68 N. Y. Supp. 269. Assuming that the defendant had acquired its charter from the legislature of the state to run its line along the public highway, still the legislature had no power to grant to the defendant title in the premises, nor could the legislature impose upon the premises an additional burden without the consent of the owner in fee. Eels v. Telegraph Co., 143 N. Y. 133, 38 N. E. 202; Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301; Palmer v. Electric Co., 158 N. Y. 231, 52 N. E. 1092. The poles and wires having been erected in a public highway outside of a city or

village, the statute of limitations does not run against the title of the real owner and occupant of the premises, and the bar of the statute does not apply. Laws 1886, c. 40, p. 53; Galway v. Railway Co., 128 N. Y. 132, 28 N. E. 479; and authorities next above cited. If it could be assumed that a parol permission was ever granted to the defendant corporation by the original owner of said premises, when the written conveyance was made from that owner to the plaintiff's grantor that deed revoked the license or the permission so given. A parol license conveyed no title to the premises in question. Greenwood Lake & P. J. R. Co. v. New York & G. L. R. Co., 134 N. Y. 435, 31 N. E. 874; Trustees v. Jessup, 162 N. Y. 122, 56 N. E. 538.

The present form of action and proceeding on the part of the plaintiff is proper. Galway v. Railway Co., 128 N. Y. 132, 28 N. E. 479; Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301. There is a broad distinction made in the application of the law permitting the erection and maintenance of telephone, telegraph, and electric light poles and lines in a city or a large village from the rule applied to the erection of those lines upon a country highway. This will be readily seen by an examination of the authorities cited. The relief demanded in the complaint must therefore be granted, and a proper judgment entered in favor of the plaintiff against the defendant, with the costs of this action. The plaintiff having consented, on the trial, to take nominal damages in case of recovery, the damages are hereby fixed at six cents. A decision, with findings of fact and conclusions of law, may therefore be prepared, and judgment is directed accordingly.