PEOPLE v. HOSMER.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. RAPE—EVIDENCE—SUFFICIENCY.
   On a prosecution for rape, testimony of the prosecutrix as to the commission of the offense, corroborated by that of a sister who was near where the crime was alleged to have been committed, with statements by accused from which the jury might find some confession of guilt, is sufficient to warrant a conviction.

2. SAME—WITHDRAWAL OF OBJECTIONS.
   Where, on a prosecution for rape, no evidence has been admitted, over accused's objection, from which an assault on prosecutrix's sister could be fairly inferred, a contention by accused that he was forced to withdraw his objection to such evidence, to present his cause fairly to the jury, because evidence had already been admitted to prove such crime, is without merit.

3. SAME—RES GESTÆ.
   On a prosecution for rape, evidence as to accused's condition when he came to the house is competent as res gestæ of the assault afterwards made.

Appeal from trial term, St. Lawrence county.

Andy Hosmer was convicted of rape in the first degree, and he appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Lawrence Russell, for appellant.
George W. Hurlbut, for the People.

SMITH, J. The judgment of conviction is first challenged as unsupported by evidence. The crime charged in the indictment is the commission of rape upon the defendant's daughter, who was 13 years of age. Her testimony is explicit as to the commission of the offense. She is corroborated by the testimony of her sister Ruby, who was at the time 10 years of age, and in bed not 8 feet from where the crime was charged to have been committed. Ruby testified to exclamations from her sister such as would be natural in her efforts to resist an attempt by the father to commit an outrage upon her. There is evidence further of statements made by the defendant from which the jury might find some confession of guilt as corroborative of the testimony of the complainant. These two children were before the jury, as was also the defendant, who swore in his own behalf. We have examined the evidence with great care, and, without recounting the details of a revolting crime,

we are satisfied that the jury was authorized, upon the evidence, to reach the conclusion of defendant's guilt.

We are unable to find any legal errors which have been prejudicial to the defendant. The charge was a fair one, to which no exception was taken. All the requests to charge by the defendant's counsel were granted, with one immaterial exception. The rulings of the court upon objections to the evidence disclose no error. The testimony as to the crime committed upon the sister Ruby was held by the court to be improper, and was only admitted after all objection thereto by the defendant had been withdrawn. The defendant contends that at the time of the withdrawal of that objection enough evidence had already been admitted, against defendant's objection, tending to prove this other crime, so that he was forced, in order to present his case fairly to the jury, to take no further objection. The record discloses no real foundation for this contention. Up to the time that the defendant expressly withdrew his objection to what occurred between the defendant and the child Ruby, no evidence had been admitted, over the defendant's objection, from which the jury could fairly infer that any assault had been made upon Ruby. The admission of the evidence as to defendant's condition at the time that he came to the house was competent as part of the res gestæ of the assault afterwards made.

It is urged that error was committed in rejecting the return of the justice containing the affidavits of Maud and Ruby, taken before the justice. But such affidavits were afterwards received in evidence, and appear in the record.

The judgment should therefore be affirmed. All concur.