(37 Misc. Rep. 105.)

WEED v. McKEG.

(Supreme Court, Special Term, Schuyler County. December 9, 1901.)

1. EASEMENT—EXTENT OF RIGHT.
   An owner of a right of way. not specifically defined, has a right to impose on the servient estate such burden as will afford reasonable facilities for its enjoyment, and the owner of the servient estate must make its use as convenient as one usually provides for his own purposes in going to and from his own premises.

2. SAME—OBSTRUCTIONS.
   The owner of an estate over which a third person has a right of way may erect for his own benefit a suitable and proper structure over such right of way, so long as he does not unnecessarily obstruct or interfere with its reasonable use.

3. SAME—EVIDENCE.
   Plaintiff owned a right of way in an alley between plaintiff's and defendant's buildings, and situated on defendant's land. He joined with defendant in erecting an arch over and at the front of the way, some 9 feet in height, in order to keep out trespassers. The arch was maintained for some 30 years, when defendant removed it, and partially erected a building over the way at least 9 feet above it, and leaving a clear passageway underneath. Plaintiff removed certain obstructions, and made no objection until the building was partly inclosed. *Held* sufficient to show that the passageway as left was sufficient for the reasonable use of the easement, and plaintiff was not entitled to an injunction.

4. SAME—PREVENTING UNCONTEMPLATED USE.
   An owner of a right of way cannot prevent the owner of the servient estate from so obstructing it as to prevent its use by him for purposes not contemplated when it was reserved, where it is reasonably sufficient for the contemplated use.

Suit for an injunction by Mason N. Weed against Joseph T. McKeg. Complaint dismissed.

Baldwin & Baldwin, for plaintiff.

Owen Cassidy (Charles M. Woodward, of counsel), for defendant.

FORBES, J. This action was brought for the purpose of restraining the defendant from erecting and maintaining a building over the right of way between the plaintiff's and the defendant's buildings. The plaintiff claims to have the right to use said way under a grant and reservation. The way is situated along the west side of an alley running north from Main street to the back line of plaintiff's premises, distant 132 feet, in Montour Falls, in said county. Said alley gives a right of way 9 feet in width, and ending in another alley, 12 feet in width, which runs east and west, and is used to reach and serve the rear of several lots upon which buildings are now or are to be erected, on either side of the plaintiff's and the defendant's blocks, fronting upon Main street. The plaintiff's building, which lies on the west side of said right of way, is 100 feet in length, and 40 feet in width. The defendant's building is 120 feet in depth, and is on the east side of said alley, with a width on the street of about 31 feet. Portions of each of these buildings are used as stores, and are run and operated separately by the parties to this action. Said buildings have also been used for offices and other apartments, which have been and are now occupied in some manner by the parties. The defendant has recently erected a building over said right of way, which was formerly of the width of 13 feet, upon 4 feet of which, on the east side, a stairway entrance has been constructed to serve a portion of the defendant's block; leaving a clear width of 9 feet, embraced within said plaintiff's grant, as a right of way to enter the rear of said building, and for the use of said several lots aforesaid. The titles to said several pieces of land were originally derived from a common grantor. The structure in question, erected by the defendant, is admitted by the plaintiff to have been erected something like 8 feet 4 inches above the roadbed, running along over said right of way, and covering the same for the distance of about 60 feet. The defendant claims that the height of this new structure is at least 9 feet in the clear above said roadbed. Main street in front of these premises has a grade above the level of the land in the rear of said lots of about 5 feet. Upon this grade the public highway is laid, crossing a canal bridge about 130 feet east of said alley. The grade was made for that purpose. The street at the locus in quo is about 1 foot higher than the sidewalk in front of said premises. It is claimed by the defendant that the alleyway in question has been filled, to a greater or less depth, with ashes, dirt, and rubbish, which have been thrown into said alley continuously by the owners and occupants of these two stores. Prior to the erection of the alleged obstruction the defendant excavated said alley, lowering the same from 18 inches to a depth of something like 2½ feet, making a somewhat precipitous descent, for a distance of from 15 to 30 feet in length, from the sidewalk along the bed of said alley. After the building in ques-

tion over the alley was commenced, before the same was inclosed, and before the defendant had completed the grading of said alley, this action was commenced. An injunction order was obtained by the plaintiff restraining the defendant from completing the building and from grading and completing said alleyway in the manner originally intended.

About 35 years ago the plaintiff and the defendant, each owning their buildings, respectively, having had much difficulty in keeping trespassers out of said alley, united in erecting an arch over said way, at the front thereof, at Main street, and they placed doors upon said archway, thus excluding the public from said alley. It is estimated that the archway so erected was about 9 feet in height. The arch, in that form, was maintained and kept in repair by the plaintiff and the defendant until the time of the erection of the alleged obstruction over said right of way. The defendant claims that he laid the foundation for the new structure at the top of said arch. At the time the structure in question was erected the arch and doors were removed, increasing the width of said alley by several inches, leaving an open way. The present structure is projected from the defendant's building on the east by being made a part thereof; and on the west, the plaintiff's side of said right of way, iron slabs of the thickness of 2 inches were placed against the plaintiff's wall, on the defendant's land, at convenient points, to support the west side of said structure. The evidence shows that prior to this time, for some reason, a timber or timbers had been placed across this alleyway, beyond the arch; the ends of said timbers resting, respectively, against the plaintiff's and the defendant's buildings. It is claimed on the part of the defendant that these timbers were placed there by the plaintiff, with the defendant's consent, for the purpose of strengthening the plaintiff's building. These timbers also were removed from their position at the time said new structure was erected. The plaintiff continued to occupy his store, and he must have known of the defendant's design to erect said building. From the circumstances, I think he must have observed what was being done by the defendant in excavating said alley, and in the erection of said building over the same, since the plaintiff took his blinds from certain windows upon said alley, before or during the erection of the structure in question, proposing to brick up such openings upon said alley. It is undisputed that the plaintiff's son, who was his copartner in business, talked with the defendant in reference to said structure, and its height above the roadbed of the alley, soon after the work on said building was commenced.

After a careful review of all of the evidence given upon the trial, I am satisfied that the height of the present structure above the roadbed is at least 9 feet in the clear, since the photographs, with the other evidence, show a covered ice wagon and a load of boxes and barrels standing in said archway, at either end of said alley, under the structure complained of; showing that there was, at the time the photographs were taken, considerable clear space, at each end of said alley, above these loads. The lowest point in said alleyway is

shown to have been located, at that time, about 30 feet north of the entrance thereof, at Main street, and this clear space in height was probably something like 8 feet 4 inches. The defendant claims that at said point rubbish had been thrown out into said alley, just prior to the time the experiment was made with an oil delivery tank, which, with the hood up, passed from Main street down through said alley, to this point, where the hood was lowered for the purpose of driving through said alley, without hitting the structure above, at the point in question.

From the evidence in this case, I think the plaintiff is entitled to an open and unobstructed right of way through the alley in question, to reach and serve the rear of his lot upon which his Main street building stands, together with the rear right of way or alley of 12 feet, running east and west. Beyond any question the title in fee to said alley is in the defendant. It is conceded on the part of the plaintiff that the defendant had the right to erect a proper structure over the alley in question, and practically the only questions in dispute are—First, whether the height of the space left for passageway is reasonable, suitable, sufficient, and practical for the uses and purposes for which said grant and reservation were originally designed; second, whether the servient estate must yield to the dominant the right of a passageway, for all purposes, to the plaintiff's after-acquired property, which now extends to Tracy street.

Upon the first proposition, the plaintiff clearly has a right to impose upon the servient estate the burden of an easement which will afford reasonable facilities for its enjoyment, and the defendant is bound to make its use as convenient, as a mode of access, as one person usually provides for himself to get to and from his own premises. Bakeman v. Talbot, 31 N. Y. 366, 88 Am. Dec. 275. There is no claim that the right granted or reserved specifically points out the extent or limit of its use: "A right of way which is reserved, but not specifically defined, in the conveyance, need only be such as is reasonably necessary and convenient for the purpose for which it was created." Grafton v. Moir, 130 N. Y. 465, 29 N. E. 974, 27 Am. St. Rep. 533. It has been held that under the reservation of an easement in an alley "for the purpose of passing and repassing" to a street on which the alley opens, without any restriction, the alley may be used for the passage of teams and vehicles, as well as foot travelers, so far as the use is necessary to the reasonable enjoyment of the dominant premises, although the uses and occupancy of the premises may have been changed. Gillespie v. Weinberg, 148 N. Y. 238, 42 N. E. 676, citing Arnold v. Fee, 148 N. Y. 214, 42 N. E. 588, which is also in point; Baker v. Mott, 152 N. Y. 637, 46 N. E. 1144, affirming 78 Hun, 141, 28 N. Y. Supp. 968. This right carries with it the privilege of the owner of the right of way to do whatever is reasonably necessary to make it suitable and convenient for his use. Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800; Nichols v. Peck, 70 Conn. 439, 39 Atl. 803, 40 L. R. A. 81, 66 Am. St. Rep. 122. "Where there is an express grant of a right of way to land,

the fact that the right to its fullest extent is not immediately used will not amount to an abandonment or a waiver of the right thus expressly granted." "Mere nonuser, however long continued, does not create an abandonment." "To accomplish this, there must be, in connection with the nonuser, facts and circumstances showing an intention on the part of the owner of the easement to abandon it." Snell v. Levitt, 110 N. Y. 595, 18 N. E. 370, 1 L. R. A. 414; Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535; Holloway v. Southmayd, 139 N. Y. 390, 34 N. E. 1047, 1052; Conabeer v. Railroad Co., 156 N. Y. 474, 51 N. E. 402; Mattes v. Frankel, 157 N. Y. 603, 52 N. E. 585, 68 Am. St. Rep. 804. The owner of the title in fee has an absolute right to erect and maintain, for his own benefit, a suitable and proper structure over said right of way, so long as he does not unnecessarily obstruct or interfere with the reasonable and proper use of said easement, whether acquired by grant or reservation. Hollins v. Demorest, 129 N. Y. 676, 29 N. E. 1093, 15 L. R. A. 487, and note; Gerrish v. Shattuck, 132 Mass. 235; Burnham v. Nevins, 144 Mass. 88, 10 N. E. 494, 59 Am. Rep. 61. The erection and maintenance of the doors and archway do not necessarily estop the owner of the easement from asserting his rights to the use of the way granted; but his acquiescence in the height of the arch, constructed by the parties to this action, and maintained by them for more than 30 years, may be used as some evidence that the way thus prepared for entering upon said alley was suitable, and was deemed sufficient for all of the plaintiff's purposes, in the use of said grant. Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535. Under the evidence in this case, that acquiescence is supported by the additional fact of the plaintiff's knowledge of the present structure; his observation of the manner in which it was being constructed, without interference on his part, in any manner, until the building had been partly inclosed; and, in his immediate presence, the work had progressed to such an extent that the difficulty complained of could not be remedied without removing the foundation of said structure, as it was then erected, at the height of the previous archway leading to the premises in question.

Moreover, the plaintiff's affirmative act in consenting to remove the blinds upon his block, and the removal of the supports which he had placed there, are additional facts which may be construed into an acquiescence that said erection was a proper one. From that evidence it may be inferred that the height of the present structure is sufficient to afford the plaintiff fair and reasonable use of the premises in question.

After the evidence was closed at the trial the court modified the injunction order granted in said action to the extent of permitting the building to be inclosed, and so far completed as that it might be protected during the litigation; also providing that stairs might be erected on the four-foot space of the defendant's land east of the alleyway, to the defendant's floor above said alley, and to the erection of which stairway the plaintiff's counsel assented, claiming no right to interfere with that portion of said alley,—Mr. Justice

Parker, in a former litigation between one Decker and the defendant McKeg, having practically determined the defendant's right to that strip of land. This court further modified said injunction by permitting the right of way to be graded and cemented so as to make it suitable and proper for the use of each of the parties. I conclude, from the whole of the evidence given upon the trial, that said right of way is now suitable and sufficient for the reasonable use and enjoyment by the plaintiff of the grant in his conveyance, and I so hold and determine.

Second. A further question is necessarily involved in the reasonable use and occupation of said right of way. Since the original grant and reservation were made, the situation has been somewhat changed. The plaintiff has purchased other real estate north of the 12-foot alley, from persons not connected with the original title nor with said grant, and plaintiff has erected upon such premises an additional building, 170 feet in length, which is connected with and continued north from the rear of the plaintiff's Main street store. The lower portion of said building is a public, open shed, fronting north on Tracy street. The plaintiff's said shed is alleged to have been erected and is now being used as a hitching shed for his patrons, with an opening in height of something like 8 feet, leading from said 12-foot alley. The upper portion of this building is used as a store room and shop, with a bull wheel at the north end, for hoisting and lowering furniture and other heavy goods. Teams, light and loaded, frequently pass through from Tracy and from Main streets, using the alley in question as a right of way to serve the plaintiff's said buildings. It is quite apparent that this additional burden was neither contemplated by the original grant nor by the reservation, since the right of way in question leads into and ends with the 12-foot alley used to serve the rear of the stores in question, and for such vacant lots as were laid out originally by Mr. Decker, which lots are marked upon the map as the "S. S. Decker Property," lying on either side of the plaintiff's and the defendant's stores. The defendant complains that the right of way is being improperly used and burdened by such additional service. I am inclined to think that the servient estate cannot be made to yield to any uses which were not contemplated by the original grant, since that grant or reservation must be construed as appurtenant to the property to which its uses might or could be put and made to serve at the time, or subsequent to the time, the plaintiff acquired such grant or easement. While the authorities upon that subject in this state are not numerous, I still think that sufficient adjudication has been had, in our courts and elsewhere, to fairly settle that question. This doctrine was held in the case of Rexford v. Marquis, 7 Lans. 249, where the court in the Third department said: "The grantee of a right of way to one piece of land cannot make use of it to pass onto another and adjacent piece." See Grafton v. Moir, 130 N. Y. 465, 29 N. E. 974, 27 Am. St. Rep. 533, where the same doctrine has been affirmed by the court of appeals: "A right of way, which is reserved, but not specifically defined, in a conveyance, need only be such as is

reasonably necessary and convenient for the purpose for which it was granted." Is the defendant any more compelled to take this new burden than he would be to provide a new right of way? In the case of Nichols v. Peck, supra, it is held:

"The owner of a right of way may do whatever is reasonably necessary to make it suitable and convenient for his use, but he is not entitled to use another way merely because the entrance to his established way has become useless, owing to a lawful change in the grade of the public highway."

Gillespie v. Weinberg, 148 N. Y. 238, 42 N. E. 676.

The same doctrine is held in reference to additional burdens placed upon a public street, without the consent of the owner in fee, where telegraph and electric light poles are sought to be erected upon property dedicated as a right of way for the public. Eels v. Telegraph Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640; Coatsworth v. Railroad Co., 156 N. Y. 451, 51 N. E. 301; Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672; Andrews v. Telephone Co., 36 Misc. Rep. 23, 72 N. Y. Supp. 50, affirmed (App. Div. Nov., 1901) 73 N. Y. Supp. 1128. This principle is extended in Furner v. Seabury, 135 N. Y. 50, 31 N. E. 1004.

It will be seen that under the original grant the right of way was sufficient for all reasonable uses with the height of the archway as it stood, and if the additional burden imposed upon the land has increased that use, and calls for a greater height through which to drive, this additional burden ought not to be imposed upon the defendant without his consent. How much the burden upon the right of way in question has been increased, if at all, or for what portion of the plaintiff's premises it is most needed, can be inferred from the evidence given upon the trial. My conclusion is, however, that if the reasonable use, for over 30 years, proved to be sufficient with a space 9 feet in height, it is not unreasonable to suppose that, if that height is not sufficient at the present time, it is only made insufficient by the imposition of the extra burden imposed upon it from the use of the plaintiff's other premises.

Again, if the plaintiff has opened another way out to Tracy street, through his additional purchase, it may not be unfair to infer that he designed to use that way for the purpose of drawing greater and higher loads than those which could go through the alleyway in question, as formerly used by him, and that he has assumed to take the additional burden upon himself. From a fair preponderance of the evidence given upon the trial, I think the plaintiff cannot maintain this action, and the plaintiff's complaint should be dismissed, and the injunction should be vacated, with costs.

Findings of fact and conclusions of law may be prepared in accordance with these views.