(42 Misc. Rep. 263.)

## JAYNE v. CORTLAND WATERWORKS CO.

(Supreme Court, Special Term, Cortland County. December, 1903.)

1. REVOCABLE LICENSE—LAYING WATER MAINS.

    A private corporation obtained a parol license from owners of land to lay its mains through the land without compensation. *Held*, a revocable license, which is revoked where no reservation is contained in subsequent deeds to the land.

2. SAME—TRESPASS.

    Where a private corporation obtained a parol license from an owner of land to lay its mains through it without compensation, a subsequent grantee having notice of the mains, but damaged by their maintenance, may sue as for continuing trespasses, but can recover only nominal damages where he was not a bona fide purchaser.

3. VILLAGE—CONTROL OF STREETS—COMPENSATION TO OWNER.

    A village cannot give permission to construct or continue water mains through the public streets by a private corporation without compensation to the owner of the land through whose soil the pipes are being maintained.

---

¶ 1. See Licenses, vol. 32, Cent. Dig. § 125.

Action by James A. Jayne against the Cortland Waterworks Company to enjoin continued trespasses on plaintiff's land. Judgment for plaintiff.

In 1883 one Hoffman and one Brooks owned the premises in question. Brooks conveyed to Hoffman, and Hoffman to the plaintiff, in 1899, for a nominal consideration. Neither deed contained any grant or reservation of an easement to the defendant. In 1884, with the knowledge of, and upon some oral understanding with, Brooks and Hoffman, the defendant dug a trench on the premises and laid pipes in it which are still there. The pipe line extends over a quarry on the premises, and to some extent prevents working it. Before commencement of the action the plaintiff served a notice on the defendant requiring it to remove the pipes. Upon the trial the plaintiff proved no damages.

Dougherty & Miller, for plaintiff.
Dickinson & Duffy, for defendant.

FORBES, J. I am inclined to think that the plaintiff purchased the stone quarry with actual notice of the location and use of the water main in question, and with knowledge that Prospect street had been projected westerly from the standpipe and tank of defendant corporation, at least down to a point where Davis street intersects Prospect, and was then intended to be continued through the plaintiff's land to the street running north and south in front of the pumping station. The evidence does not convince me, however, that any legal grant or reservation was ever made by Norman Hubbard, the original grantor, or any of his grantees, to the waterworks company, to maintain its pipes through the west end of Prospect street. I think, however, that the water main was laid from the pumphouse to the standpipe tank with the consent and acquiescence of the then owners of Prospect street, the upper portion of which was undoubtedly dedicated to the public, in the interest of the village of Cortland, and for the benefit also of the plaintiff's grantors in the sale of lots thereon. I do not think that Prospect street was ever worked, used, or accepted by the village, but that the water mains continued in their present location by the acquiescence of the plaintiff's grantors, without a proper legal grant to the. defendant corporation ever having been made by said grantors. Had such grant been executed, the absence of a reservation in the plaintiff's deed would have made no difference; he would have been bound by the grant. When he took his deed he was bound by all visible and well-established structures, if there was any indication or notice of a highway or public easement, certainly so far and to the extent to which the same was open, obvious, etc. Hymes v. Estey, 116 N. Y. 501, 22 N. E. 1087, 15 Am. St. Rep. 421; Id., 133 N. Y. 342, 31 N. E. 105. Under these cases, had this action been against the plaintiff's grantors to recover the consideration paid, as for an eviction, it probably could not have been maintained. In the absence of such a grant to the waterworks company from the plaintiff's grantors the right to lay the water mains must be regarded as a parol license only, and, the street not having been accepted and worked by the village, the water company being a private corporation, the village could not give permission to construct nor continue this water main, without compensation to the owner of the land through whose soil the pipes

are being maintained. Eels v. American Tel. & Tel. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640; Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 51 N. E. 301; Palmer v. Larchmont El. Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672; Peck v. Schenectady R. Co., 170 N. Y. 298, 63 N. E. 357; Andrews v. Delhi & Stamford Tel. Co., 36 Misc. Rep. 23, 72 N. Y. Supp. 50, affirmed 66 App. Div. 616, 73 N. Y. Supp. 1129.

The plaintiff's deed shows on its face that an inadequate consideration was paid for the land in question, and that he, at most, was not a purchaser for value; therefore only nominal damages can be awarded to him in this action. Turner v. Howard, 10 App. Div. 555, 42 N. Y. Supp. 335; Ten Eyck v. Witbeck, 135 N. Y. 40, 31 N. E. 994, 31 Am. St. Rep. 809. These authorities also show that the plaintiff is presumed to have had constructive notice that the water mains were actually in their present position when his purchase was made. Still, the grant to him, through Hoffman, from the original grantors, was a revocation of the parol license to continue said water mains without compensation. Greenwood L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 31 N. E. 874; Trustees of Southampton v. Jessup, 162 N. Y. 122, 56 N. E. 538; Andrews v. Delhi & Stamford Tel. Co., 36 Misc. Rep. 23, 72 N. Y. Supp. 50, affirmed 66 App. Div. 616, 73 N. Y. Supp. 1129.

Judgment, therefore, is directed in favor of the plaintiff, with costs, and the damage to the premises in question is fixed and assessed at six cents. Judgment is ordered accordingly.

Since the trial of this action the controversy having been arranged and adjusted between the parties, a perpetual injunction is not ordered, nor is the defendant further restrained.

Judgment accordingly.