THERESA O'MEARA, Respondent, *v.* POSTAL TELEGRAPH-CABLE COMPANY, Appellant.

Argued October 26, 1938; decided December 6, 1938.

*John L. Farrell* and *Howard L. Kern* for appellant· Defendant's entry upon the highway in 1883 and the erection of its telegraph line thereon was not unlawful. (*Pensacola Tel. Co.* v. *Western Union Tel. Co.*, 96 U. S. 1; *City of Owensboro* v. *Cumberland Tel. & Tel. Co.*, 230 U. S. 58; *Louisville* v. *Cumberland Tel. & Tel. Co.*, 224 U. S. 649; *Town of Essex* v. *New England Tel. Co.*, 239 U. S. 313; *Western Union Tel. Co.* v. *Attorney-General*, 125 U. S. 530; *Postal Tel. Co.* v. *Chicopee*, 207 Mass. 341; *Western Union Tel. Co.* v. *City of Richmond*, 178 Fed. Rep. 310; 224 U. S. 160; *St. Louis* v. *Western Union Tel. Co.*, 63 Fed. Rep. 68; 166 U. S. 288; *People ex rel. Postal Tel. Co.* v. *Tax Commrs.*, 224 N. Y. 167; *N. Y. Tel. Co.* v. *State*, 169 App. Div. 310; 218 N. Y. 738; *Los Angeles Gas & El. Co.* v. *City of Los Angeles*, 251 U. S. 32.) The defendant is entitled to judgment on the ground of adverse possession and chapter 40 of the Laws of 1886 is not a bar. (*Town of Essex* v. *New England Tel. Co.*, 239 U. S. 313; *Western Union Tel. Co.* v. *Polhemus*, 178 Fed. Rep. 904; *Dartnell* v. *Bidwell*, 98 Atl. Rep. 741; *Postal Tel. Co.* v. *Forster*, 144 Pac. Rep. 491; *Teeter* v. *Postal Tel. Co.*, 172 N. C. 783.) Defendant acquired also, by prescription, a perpetual right to maintain and operate its telegraph line in locations occupied since 1883, and chapter 40 of the Laws of 1886 is not a bar. (*Town of Essex* v. *New England Tel. Co.*, 239 U. S. 313.) Even if it could be held that the statute of 1886 barred defendant from acquiring an easement by prescription and also title by adverse possession, still plaintiff is estopped from maintaining an action in trespass or ejectment or any

action analogous thereto. (*Town of Essex* v. *New England Tel. Co.*, 239 U. S. 313; *Roberts* v. *Northern Pacific R. R. Co.*, 158 U. S. 1; *Northern Pacific R. R. Co.* v. *Smith*, 171 U. S. 260; *Quigg* v. *Treadway*, 222 App. Div. 164.)

*Elwood C. Smith* for respondent. Defendant's entry was unlawful as to owners. (*St. Louis* v. *W. U. Tel. Co.*, 148 U. S. 92; *W. U. Tel. Co.* v. *Massachusetts*, 125 U. S. 530; *W. U. Tel. Co.* v. *Penn. R. R. Co.*, 195 U. S. 540; *W. U. Tel. Co.* v. *City of Richmond*, 224 U. S. 160; *People ex rel. Postal Telegraph-Cable Co.* v. *State*, 224 N. Y. 167.) Defendant acquired no title to land or easement by adverse possession. (*Scallon* v. *Manhattan Ry. Co.*, 185 N. Y. 359; *People ex rel. Postal Telegraph-Cable Co.* v. *State*, 224 N. Y. 167; *Andrews* v. *Delhi & Stamford Tel. Co.*, 36 Misc. Rep. 23; 66 App. Div. 616; *People* v. *Raeder*, 161 Misc. Rep. 557.) Assuming that defendant entered and held adversely, rights ceased three years later. (*Andrews* v. *Delhi & Stamford Tel. Co.*, 36 Misc. Rep. 23; 66 App. Div. 616; *Brearley School* v. *Ward*, 201 N. Y. 358; *People* v. *Raeder*, 161 Misc. Rep. 557.) Defendant acquired no easement by prescription. (Cons. Laws, ch. 50, § 261; *Andrews* v. *Delhi & Stamford Tel. Co.*, 36 Misc. Rep. 23; 66 App. Div. 616; *People* v. *Raeder*, 161 Misc. Rep. 557.)

HUBBS, J. Plaintiff is the owner of the record title to a parcel of real property over which, from 1883 to 1925, ran a public street. In 1883 the defendant erected certain poles, wires, cross-arms, guys, stubs and other fixtures in that street for the purpose of carrying telegraph messages. It acquired no license, consent or permission so to do from the then owner and has not since acquired a license, consent or permission of a subsequent owner. In 1925, without notice to the defendant, proceedings were taken which resulted in the discontinuance of the road as a public highway, but the use of a portion of the road over plaintiff's property was never wholly discontinued.

In 1931 the attorney for the then owner notified the defendant of the abandonment of the highway and demanded the removal of its poles and wires.

This action is for a judgment declaring the rights of the parties. On the part of the plaintiff it is claimed that she is the owner in fee of the land on which the poles stand, that no permit was ever given for their erection, that defendant has acquired no prescriptive right to maintain the poles by reason of lapse of time, due to the enactment of chapter 40 of the Laws of 1886, now section 261 of the Real Property Law (Cons. Laws, ch. 50), and that any right it may have had to maintain the poles in the highway under the so-called Post Roads Act (14 U. S. Stat. p. 221, act of July 24, 1866, ch. 230, § 1, now U. S. Code, tit. 47, § 1) has been lost by reason of the abandonment or discontinuance of the highway.

The defendant claims, on the other hand, that its entrance in and upon the highway in 1883 was not unlawful, having been done pursuant to the Post Roads Act, that such act constitutes a grant or franchise which cannot be overridden by a State statute, that the 1886 statute of the State of New York is not a bar to the acquisition of a right by prescription or adverse possession, and that, accordingly, it has now a right by adverse possession and prescription to maintain its line over the land in question and, moreover, that by lapse of time without objections plaintiff is estopped from maintaining an action in trespass or ejectment.

The trial court found that the Post Roads Act did not have the effect of giving a telegraph company the right to maintain a pole line in a public highway without compensation, where the title of the abutting owners runs to the center of the highway. · That conclusion is supported by the decision in *Eels* v. *American T. & T. Co.* (143 N. Y. 133). The trial court further held that but for the bar set up by the enactment in 1886 of what is now section 261 of the Real Property Law, all essential

elements to constitute an effective adverse possession would be presented. It held, however, that section 261 presents an effective bar to the gaining of a grant, actual or presumed, which entitles the defendant to maintain its pole line upon the premises of plaintiff, either by prescription or by adverse possession, and that the plaintiff is entitled to judgment determining her right to have the pole line removed unless condemnation proceedings be instituted by the defendant. The decision of the trial court has been unanimously affirmed by the Appellate Division.

The only question is whether the effect given to section 261 of the Real Property Law is warranted. That section reads: " Whenever any wire or cable used for any telegraph, telephone, electric light or other electric purpose, or for the purpose of communication otherwise than by the aid of electricity, is or shall be attached to, or does or shall extend upon or over any building or land, no lapse of time whatever shall raise a presumption of any grant of, or justify a prescription of any perpetual right to, such attachment or extension." The defendant argues that the statute has no application because here it is the poles which are on plaintiff's land and poles are not mentioned in the statute. That argument is without force. Plaintiff has not confined the relief asked to removal of the poles, and how defendant would be benefited by a determination that it might leave its poles but not its wires is not indicated. The wires are attached to the ground by the poles and other equipment, thereby bringing the whole equipment within the clearly indicated purpose of the statute.

This court having held in *Eels* v. *American T. & T. Co.* (*supra*) that the erection of poles and stringing of wires in a highway the fee to which is owned by an abutting owner is unlawful, and the statute clearly stating that no prescriptive right can be acquired or presumption of a grant raised with respect to such a line, it is difficult to see how

any contrary conclusion could be reached than has been reached here. The Federal courts have held that the Post Roads Act does not authorize a telegraph company to appropriate private lands or construct its lines over private property without consent (*St. Louis* v. *Western Union Tel. Co.*, 148 U. S. 92, also *Western Union Tel. Co.* v. *City of Richmond*, 224 U. S. 160, 169, where it was said that the act gives " no right to use the soil of the streets, even though post-roads, as against private owners "), and it has been held by this court that where a telegraph company seeks to appropriate parts of highways to an exclusive use it is within the power of the State to exact compensation. (*People ex rel. Postal Telegraph-Cable Co.* v. *State Board of Tax Commrs.*, 224 N. Y. 167.) There the court said: " The act is permissive and the privilege granted by it does not carry the ' unrestricted right to appropriate the public property of a state. It is like any other franchise, to be exercised in subordination to public as to private rights ' * * * " (p. 177).

The questions presented in this case were decided against the contentions of defendant in *Andrews* v. *Delhi & Stamford Tel. Co.* (36 Misc. Rep. 23; affd., 66 App. Div. 616).

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.