---

(31 Misc. Rep. 658.)

## In re FALLS' ESTATE.

### (Surrogate's Court, Otsego County. May, 1900.)

1. TRUSTS—PERSONAL PROPERTY—HOW MADE.

    Deceased directed C., one of the respondents, to draw certain money and hold it till after decedent's death, and then to pay it over to decedent's sister. Decedent also indorsed a note which he held, and acknowledged the indorsement before a notary, stating that he wished to arrange it so that he might receive the interest during his life, and so that after his death his sister should have it, and then sent the note, with a trust deed securing it, to C., who retained it till decedent died. *Held*, that the evidence established a valid trust in C. in the property described, in favor of deceased during his life, with remainder to deceased's sister.

2. MORTGAGES—TRANSFER OF DEBT.

    Where the holder of a note indorsed it, and delivered the note, with a trust deed securing it, to respondent, on certain trusts, no assignment of the security was needed, since the transfer of the debt carried the security with it.

Petition by the executors of John Falls, deceased, against John Cope and Nancy Duffy to compel the surrender of assets claimed to belong to the estate. Application denied.

R. M. Townsend, for executors.

A. R. Gibbs, for John Cope and Nancy Duffy.

ARNOLD, S. This proceeding is in the nature of an inquiry respecting property of the decedent. The petitioners, the executors of the decedent's will, claim that certain property in the hands of John

Cope belongs to the estate of decedent, and that the same should be turned over to the executors, and administered by them as a part of the estate of the decedent. The evidence discloses a very simple state of facts: John Falls died early in the year 1898. He left a last will and testament, which has been duly admitted to probate in Otsego county. He was in poor health for several years before his death. At the time of which the evidence speaks, he was blind, and was living in an institution for the blind in New York City. His friend, John Cope, living in Oneonta, N. Y., was acting as his agent in business matters, and had in his possession certain securities belonging to John Falls. It appears from the evidence that Falls was dissatisfied with the provisions in his will; that he considered that he had not given his sister enough of his property. Having this in mind, he wrote Mr. Cope in 1897 that he wished him to draw the money in the bank, to hold the same in his hands, and upon the death of Falls to pay over the moneys in his hands to his sister, Nancy Duffy. He also wrote to Cope, directing him to send to New York a certain note, and a certain trust deed given to secure the payment of the note. Falls wrote that he wished to assign these over, so that his sister would have them at his death. Mr. Cope sent the note and trust deed to Falls in June, 1897. Falls indorsed the note in blank, acknowledged the indorsement before a notary, and stated to the notary at the time of the indorsement that he wished to fix the matter so that he would receive the interest on his property during his lifetime, and that then he wished the property to go to his sister, Nancy Duffy. Falls returned the papers to Cope. Cope held them down to the time of Falls' death. From all the evidence in the case, it is very clear that it was the intention of Falls that Mr. Cope should hold this property upon the condition that the income therefrom should be paid to Falls during his lifetime, and upon his death the property named (the note, trust deed, and cash in hand) go to Mrs. Duffy. The acts of Falls created a valid trust, which Mrs. Duffy is entitled to enforce. It has been held repeatedly that a trust of personal property is not within the statute of uses and trusts, that it may be created for any purpose not forbidden by law, that it may be created by parol, and that the delivery of the property is sufficient to pass the title. The leading case applied to the case at bar is Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464. Mr. Chaplin, in his excellent work on Express Trusts and Powers, has collected all the leading cases in New York. Chaplin, Exp. Trusts, §§ 78–106. It was not necessary that there should be any assignment of the trust deed to the trustee. The deed being given as collateral for the payment of the note, the transfer of the note carried the security. Green v. Hart, 1 Johns. 580. The estate of Falls has no interest in this property.

The application is denied, with costs. Findings may be submitted in accordance with the foregoing views, and a decree entered accordingly. Decreed accordingly.