■ COLLEGE MANAGEMENT CO., INC., Appellant, v BELCHER OIL COMPANY OF NEW YORK, Respondent, and HEATING AND BURNER SPECIALTIES, INC., Respondent and Third-Party Plaintiff. FLEXIBLE FABRICATORS, INC., Third-Party Defendant-Respondent.—Order of the Supreme Court, Bronx County (Lewis R. Friedman, J.), entered on or about February 10, 1989, which granted the motion of third-party plaintiff Heating and Burner Specialties, Inc. for summary judgment dismissing the complaint, granted the cross motion of third-party defendant Flexible Fabricators, Inc. for summary judgment dismissing the third-party complaint and denied the plaintiff's cross motion to amend the complaint to add new party plaintiffs and to clarify the interest of plaintiff College Management Co., Inc., is unanimously reversed, on the law and facts, the motion and cross motion of third-party plaintiff and third-party defendant denied and the motion by plaintiff granted solely to the extent of directing plaintiff to amend its complaint to reflect its true interest within 30 days of the date of the order to be entered hereon, with costs and disbursements payable by defendant Heating and Burner Specialties, Inc., and third-party defendant Flexible Fabricators, Inc.

Order of the Supreme Court, Bronx County (Lewis R. Friedman, J.), entered on or about May 3, 1989, which granted defendant Belcher Oil Company's motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, and the motion denied, with costs and disbursements payable by defendant Belcher.

A fire occurred in the subject apartment building which allegedly resulted from a leaky hose installed on one of the

boilers. The hose was installed by codefendant Belcher Oil Company, manufactured by third-party defendant Flexible Fabricators, Inc., and distributed by defendant and third-party plaintiff Heating and Burner Specialties, Inc. Aetna Insurance Company, having paid on a claim under a policy of insurance, commenced this action as subrogee, in the name of College Management Co., Inc., which managed the insured premises.

Although the complaint alleges that the premises were owned by the named plaintiff, it is now conceded that the complaint is inaccurate in this regard. The insured premises were owned by Harold and Raymond Bernstein. The Bernsteins control a company named Northville Industries of which the plaintiff College Management is a wholly owned subsidiary. There is no dispute, however, that College Management exercised complete operating responsibility and control of the premises. College Management purchased and paid for the insurance policy and was a named insured (the policy itself was not submitted below). Further, it was contractually obligated to keep the premises in good repair (no contract was submitted below); it contracted for the repair of the premises in its own name and paid for the repairs with its own funds; it assigned any claim in subrogation to Aetna; and it was named, with the Bernsteins and other parties, as a payee on the loss.

The IAS court granted motions by defendants and a cross motion by third-party defendant to dismiss, and denied plaintiff's cross motion to amend, finding College Management had no standing to sue since it was not an owner of the premises.

CPLR 1004 authorizes an insurer, as subrogee, to sue in the name of the insured when the insured has executed "a loan or subrogation receipt, trust agreement or other similar agreement" (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 470, n 3). The contention here, however, is not that Aetna may not sue in College's name, but rather that College itself has no real interest in these proceedings and, therefore, that Aetna, as insurer, cannot acquire greater rights than those possessed by College.

Leave to amend is freely granted in the absence of prejudice (CPLR 3025 [b]). No prejudice is demonstrated here. Nonetheless, on a motion to amend, the court must decide whether the proposed amended pleading clearly lacks merit (East Asiatic Co. v Corash, 34 AD2d 432; Hawkins v Genesee Place Corp., 139 AD2d 433, 434).

The test as to whether College is the real party in interest

is whether it "has a beneficial interest in the cause of action such that an eventual recovery will protect the defendant from the claims of third persons" (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1004.01).

As between a principal and agent, an agent may bring the action: "(1) when the contract was made in the agent's name; (2) when the agent has pledged his personal credit, whether the principal was disclosed or undisclosed; or (3) when the defendant has acknowledged that the plaintiff possesses a general agency authorizing him to act in all matters." (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1004.12, citing *Watts v Phillips-Jones Corp.*, 211 App Div 523, 529, *affd* 242 NY 557.)

There has been a prima facie showing, at the very least, that College acted in all matters for the owners, repairing the premises at its own expense and purchasing insurance on which College was apparently a named insured. The payment check made on the loss reflected College as a named payee. Under these unusual circumstances, it appears that the owners delegated all authority to college. Indeed, since College apparently repaired and restored the premises, it would further appear that College could release the tort-feasors (*cf., Bellini v Gersalle Realty Corp.*, 120 AD2d 345, 347). Moreover, any claim at the present time by the owners is apparently barred by the Statute of Limitations, indicating that the defendants are not at any risk of adverse claims by other parties. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.