(August 2, 1990)

■ AMERICAN HOME ASSURANCE COMPANY, Respondent, v KENNETH SCANLON et al., Defendants, and MORELLO FOOD SERVICE EQUIPMENT CORPORATION et al., Respondents.—Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered on November 27, 1989, which granted plaintiff's motion to amend the complaint to substitute National Union Fire Insurance Company of Pittsburgh, Pa. in its place and denied defendants' cross motion for summary judgment, is unanimously affirmed, with costs and disbursements.

National Union Fire Insurance Company insured the Brooklyn premises of Rokescan Enterprises Ltd., which were damaged as the result of a fire which occurred on August 19, 1981. Pursuant to a stipulation dated September 30, 1982, on October 15, 1982, defendants Food Concepts, Inc. and Morello Food Service Equipment Corporation received payments from National Union of $29,000 and $49,350, respectively, as holders of liens on the insurance proceeds. In late 1984, the insurer learned that the insured's principal had recently been convicted of arson in connection with the 1981 fire. The instant action was instituted in mid-1988 by an insurance company affiliated with National Union, plaintiff American Home Assurance Company, alleging, in part, a cause of action for fraud against the insured's principal and claims of mistake in payment against defendants. Several months later, but more than six years after the payments to defendants, plaintiff moved to amend the complaint to substitute National Union as the party plaintiff. Defendants, in turn, cross-moved for summary judgment, urging that plaintiff lacked standing and that, in any event, the Statute of Limitations had expired as to National Union.

However, National Union's claims may be deemed to have

been asserted at the time that the action was initially commenced, since the original pleading gave notice "of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [e]). Moreover, National Union and American Home Assurance Company are interrelated companies in that they are both part of the American International Group of insurance companies, and there does not appear to be any prejudice or surprise in permitting the substitution being sought *(Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448; *Bellini v Gersalle Realty Corp.,* 120 AD2d 345; *Schleidt v Stamler,* 106 AD2d 264). National Union's claims of mistake are, therefore, not time barred (CPLR 213 [6]). The designation of National Union's affiliated entity, American Home Assurance Company, was clearly an error but, considering that defendants were fully aware of the true identity of the insurer from the events of 1981-1982, the amendment does not expose them to "some change of position, hindrance in the preparation of a case, or significant trouble or expense that could have been avoided" had the original pleading contained that which the new one intends to add *(Bellini v Gersalle Realty Corp., supra,* at 347; CPLR 2001, 3025 [b]). Consequently, the Supreme Court, by granting plaintiff's request for the substitution, appropriately exercised its discretion in accordance with the policy favoring the liberal amendment of pleadings. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.