■ NEW HYDE PARK OPHTHALMOLOGY ASSOCIATES, P.C., et al., Respondents, v MARK B. WEISS et al., Appellants. (And a Third-Party Action.)—In an action, inter alia, to recover damages for breach of contract and unfair competition, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.), entered September 7, 1990, as granted that branch of the plaintiffs' motion which was to amend the caption by adding Family Ophthalmology of Long Island, P.C., as a party defendant, and denied that branch of the defendants' cross motion which was for a protective order with respect to the plaintiffs' notice for discovery and inspection dated April 17, 1990.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the cross motion which was for a protective order and substituting therefor a provision granting the protective order with respect to the notice for discov-

ery and inspection dated April 17, 1990, except for "[t]he check book, bank statements and canceled checks of defendant MARK B. WEISS, M.D. in his capacity as a physician during the period from June 1, 1985, to November 16, 1987, together with documentation pertaining to income and disbursement expenses in said capacity during said period" and the Federal tax returns of the defendant Weiss for the year ending December 31, 1987; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the defendants' time to comply with the notice of discovery and inspection, as limited by this decision and order, is extended until 30 days after service upon them of a copy of this decision and order.

The plaintiffs have failed to show that certain of the financial documents requested in their notice of discovery and inspection are material or necessary to the prosecution of the lawsuit (see, CPLR 3101 [a] [4]; *Blittner v Berg & Dorf,* 138 AD2d 439).

Amendment of the caption was proper under these circumstances, where the defendants cannot claim that the amendment resulted in either prejudice or surprise (see, *American Home Assur. Co. v Scanlon,* 164 AD2d 751).

We have reviewed the defendants' remaining contentions and conclude that they are without merit. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.