■ ADOLPH E. CHAKANOVSKY et al., Appellants, v C.A.E. LINK CORPORATION et al., Respondents. [608 NYS2d 892] —Casey,

J. Appeal from an order of the Supreme Court (Smyk, J.), entered March 18, 1993 in Broome County, which, *inter alia,* granted a motion by defendant C.A.E. Link Corporation for an order of preclusion.

Plaintiffs seek to recover damages arising out of chemical contamination of the groundwater under properties owned by certain of the plaintiffs. The contamination was allegedly caused by wastewater disposed of by the two defendants during their manufacturing operations. Plaintiffs discontinued their action against one of the defendants, leaving only C.A.E. Link Corporation (hereinafter defendant). At issue on this appeal is the propriety of Supreme Court's order of preclusion based upon plaintiffs' failure to comply with defendant's demand for a bill of particulars.

We reject plaintiffs' claim that defendant's motion for an order of preclusion should have been denied for failure to allege compliance with 22 NYCRR 202.7 (a) (2). Plaintiffs waived the claim by failing to raise it at Supreme Court in opposition to defendant's motion *(see, Kadan v Volkswagen of Am.,* 111 AD2d 540, 541; *cf., Koelbl v Harvey,* 176 AD2d 1040), and plaintiffs' attempt to raise the issue on reargument was unavailing *(see, Foley v Roche,* 68 AD2d 558, 567-568). There is, however, merit in plaintiffs' claim that certain of its responses to defendant's demands are adequate. Considering the nature of the alleged wrongful conduct and resulting harm, and in view of plaintiffs' reservation of the right to supplement their bill of particulars as information becomes available, we conclude that plaintiffs' responses to item Nos. 1, 4, 5, 9, 10, 11 and 15 are adequate to serve the purpose of a bill of particulars, which is to amplify the pleadings, limit the proof and prevent surprise at trial *(see, Blank v Schafrann,* 180 AD2d 886, 887). As to item No. 6, however, plaintiffs' response fails to allege any willful conduct and, therefore, it is inadequate. As to the remaining items precluded by Supreme Court, plaintiffs do not argue that their responses were adequate and, therefore, we will not consider them.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting from the decretal paragraph the references to item Nos. 1, 4, 5, 9, 10, 11 and 15 of the demand for a bill of particulars by defendant C.A.E. Link Corporation, and, as so modified, affirmed.