■ MARIA FRANZESE, Respondent, v FIDELITY NEW YORK FSB, Appellant, et al., Defendants. [625 NYS2d 275] —In an action to recover damages *inter alia,* for fraud, the defendant Fidelity New York FSB appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.), entered April 20, 1993, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as it is asserted against the defendant Fidelity New York FSB.

It is undisputed that the plaintiff, the payee of the check in question, indorsed it in blank and delivered it to the defendant Howard Finger. As a result, the check became a bearer instrument, which may be negotiated by delivery to a third party *(see,* UCC 3-204 [2]; *Bodnar v Matheron,* 154 NYS2d 596, *affd* 6 AD2d 709). Therefore, the appellant, Fidelity New York FSB (hereinafter Fidelity), properly deposited the check in the account of the defendant Anita Finger when she presented it for payment.

Contrary to the plaintiff's contention, Howard Finger's indorsement of the check was not a restrictive indorsement. The fact that the number of the account of the defendant Finger Funding, Ltd., was written below Howard Finger's signature does not mean that the indorsement was restrictive *(see, Walcott v Manufacturers Hanover Trust,* 133 Misc 2d 725). Therefore, when the defendant Anita Finger presented the check to Fidelity, she was entitled to payment.

Because there are no facts in dispute, Fidelity's cross motion for summary judgment dismissing the complaint insofar as it is asserted against it should have been granted *(see, Zuckerman v City of New York,* 49 NY2d 557).

In light of the foregoing, we need not reach the appellant's remaining contentions. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.