Second Department, April, 1997

(April 7, 1997)

■ Airlines Reporting Corporation, Respondent, v S and N Travel, Inc., Doing Business as Superior Travel, et al.,

Appellants. [656 NYS2d 299] —In an action, *inter alia,* to recover damages for breach of contract and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated March 7, 1996, which denied their motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Airlines Reporting Corporation (hereinafter ARC) is a nonprofit organization incorporated in Delaware with its principal place of business in Virginia. ARC acts as an intermediary between participating airlines and travel agents. Specifically, the air carriers execute a carrier services agreement with ARC authorizing it to enter into contracts with travel agents on the carriers' and ARC's behalf. ARC then provides blank traffic documents to the travel agents which are sold to customers and honored by the carriers. Each week the travel agents are required to report the amount of ticket sales to ARC and deposit the proceeds in an account which ARC forwards to the carriers.

The defendant, S and N Travel, Inc., doing business as Superior Travel (hereinafter S and N), allegedly breached its agreement with ARC by failing to remit funds that were owed to the carriers. Initially, ARC commenced suit in Federal court, where it was dismissed for want of subject matter jurisdiction (*see, Airlines Reporting Corp. v S & N Travel,* 857 F Supp 1043, *affd* 58 F3d 857). Subsequently, ARC brought this action, again in its own name, against S and N and the latter's officers and shareholders, seeking to collect in excess of $100,000, which ARC claims is owed under the Agent Reporting Agreement.

The Supreme Court correctly held that ARC was a real party in interest so that it could maintain this action in its own name (*see,* CPLR 1004). "As between a principal and agent, an agent may bring the action: '(1) when the contract was made in the agent's name * * * or (3) when the defendant has acknowledged that the plaintiff possesses a general agency authorizing him to act in all matters' " (*College Mgt. Co. v Belcher Oil Co.,* 159 AD2d 339, 341, quoting 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1004.12; *see, Watts v Phillips-Jones Corp.,* 211 App Div 523, 529, *affd* 242 NY 557). At bar, ARC was a person "with whom or in whose name a contract has been made for the benefit of another" within the meaning of CPLR 1004 (*see also,* General Construction Law § 37). Moreover, the customs and dealings of the parties indicate that ARC was acknowledged by the defendants as the carriers' general agent. Thus, the trial court did not err in holding that ARC was the real party in interest.

The defendants' remaining contentions are without merit. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.