■ SANDOR A. KOVACS et al., Respondents, v CASTLE RESTORATION AND CONSTRUCTION, INC., Appellant. (And a Third-Party Action.) [692 NYS2d 63] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered July 1, 1998, which, after a jury trial, awarded plaintiffs the sum of $436,517.19, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the matter remanded for a new trial on liability only to be conducted in accordance with the decision herein.

It was error to preclude defendant from introducing any testimony regarding plaintiff's alleged culpable conduct, negligence or assumption of the risk, all of which, in its answer, defendant had asserted as an affirmative defense. At trial, plaintiff, for the first time, raised the issue of defendant's eight-month failure to serve a bill of particulars, which failure, as the record discloses, was due to oversight. On the basis of such failure, plaintiff, by oral motion, sought an order precluding defendant from introducing any evidence on the subject of plaintiff's culpable conduct and striking defendant's affirmative defense based on such conduct. Plaintiff neither argued nor showed that defendant's failure to respond was willful, a prerequisite for the imposition of sanctions (*see,* CPLR 3042 [c], [d]); it also failed to show that defendant demonstrated a pattern of obstructive conduct or failure to comply with other

discovery requests. Notwithstanding the absence of such a showing, the trial court granted the motion and precluded any testimony or cross-examination regarding plaintiff's culpable conduct, negligence or assumption of the risk. On this subject, defendant had made it clear in opposing the motion for preclusion that it was "not bringing in witnesses" as to plaintiff's culpable conduct, stating that "[a]ny culpable conduct testimony will be taken right from plaintiff's own mouth." In arguing against any claim of prejudice to plaintiff by defendant's failure to serve a bill of particulars, counsel stated he would be relying on "facts that have been in this [case] for a year." After the parties had rested, the court instructed the jury not to consider any culpable conduct on plaintiff's part in rendering its verdict. The jury returned a verdict of 5 to 1, finding that defendant had been negligent and awarding plaintiff $426,423.25 in damages.

Insofar as is pertinent, CPLR 3042 (c) provides, "If a party fails to respond to a demand [for a bill of particulars] in a timely fashion or fails to comply fully with a demand, the party seeking the bill of particulars may move to compel compliance, or, if such failure is willful, for the imposition of penalties pursuant to subdivision (d) of this rule." As both subdivisions (c) and (d) make clear, sanctions for the failure to respond to a demand for a bill of particulars may be granted only when the failure is willful. Thus, before the sanction of preclusion is granted or a pleading stricken, a showing of "willful and contumacious conduct" is necessary. (*Adames v Five Sights Mgt.*, 258 AD2d 256.) As noted, plaintiff had never asserted, much less demonstrated, that defendant's failure to provide a bill was willful or contumacious. The remedy for a failure to provide a timely and sufficient bill of particulars is a motion to compel compliance. (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3042.06.) Nor did plaintiff's counsel comply with 22 NYCRR 202.7 (a) (2), which required plaintiff to make a good faith attempt to resolve the issue with defense counsel before moving to preclude, supported by his affirmation to that effect.* Although not raised before the trial court, we reach the issue since, in context, it presents a question of law as to which it is obvious that plaintiff could not have provided a satisfactory answer. (*Chateau D'If Corp. v City of New York*, 219 AD2d 205,

---

* Uniform Rules for Trial Courts (22 NYCRR) § 202.7 states that, "(a) * * * [N]o motion shall be filed with the court unless there have been served and filed with the motion papers * * * with respect to a motion relating to * * * a bill of particulars, an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."

209 *lv denied* 88 NY2d 811; *cf.*, *Chakanovsky v C.A.E. Link Corp.*, 201 AD2d 785.)

The trial court's draconian sanction for the inadvertent failure to provide a bill of particulars runs counter to CPLR 3042 and constitutes, in the circumstances, reversible error, which was compounded by its charge to the jury that it not consider, in any way, plaintiff's conduct in the happening of the accident. In remanding this matter to the trial court, we direct that, in accordance with defendant's representation that such proof would be forthcoming from and limited to plaintiff's own testimony, defendant's proof on the issue of plaintiff's culpability be so limited. Any retrial shall be limited to liability since no issue is raised as to damages or to the effect the trial court's error had on the damage question.

In resolving this appeal as we have, we in no way condone defendant's failure, over a span of eight months, to serve a bill of particulars. While we strongly disapprove of such laxity by a party in responding to a litigation obligation, the sanction imposed was not warranted. Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.