■ FAIRBANKS CAPITAL CORP., Respondent, v JON A. NAGEL, Appellant, and BOARD OF MANAGERS OF THE FORTY SUTTON PLACE CONDOMINIUM, Respondent, et al., Defendants. [735 NYS2d 13] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 14, 2000, which, in an action to foreclose the mortgage on a condominium unit, insofar as appealed from, denied a cross motion by defendant-appellant mortgagor to the extent it sought dismissal of the complaint on the ground of the Statute of Limitations and an order of preclusion as a

sanction for plaintiff mortgagee's failure to respond to defendant-appellant's demand for a verified bill of particulars, granted the motion by defendant-respondent condominium board for appointment of a temporary receiver of the rents and profits of the subject unit, and denied defendant-appellant's separate cross motion for, *inter alia*, a declaration of the invalidity of an amendment to the declaration of the plan of condominium, unanimously affirmed, with costs.

The motion court correctly denied the cross motion by defendant-appellant Nagel to dismiss the complaint on the ground of the Statute of Limitations. This action was commenced in December 1994 by "First National Bank, A Federal Savings Bank [FNB], as servicing agent for Sovran Bank, N.A., a Trustee [the Trustee], Under the Pooling and Servicing Agreement, dated as of 11/1/88 (First Nationwide Trust 1988-2)." During the pendency of this action, the Trustee assigned the mortgage sued upon to FNB, and FNB subsequently assigned the mortgage to Fairbanks Capital Corp. (Fairbanks), which was substituted as plaintiff in July 1999. Nagel argues that FNB had no standing to maintain this action when it was commenced because FNB did not then hold title to the mortgage, and the action was therefore time barred when Fairbanks was substituted as plaintiff in July 1999 due to the passage of more than six years (*see*, CPLR 213) from the original acceleration of the underlying debt prior to the commencement of a prior, discontinued foreclosure action in 1992.

Contrary to Nagel's argument, FNB, which expressly maintained this action in its capacity as servicing agent for the Trustee, which the complaint identified as the mortgage holder, had standing to sue based on the Trustee's delegation of authority over the subject mortgage (*see, College Mgt. Co. v Belcher Oil Co.*, 159 AD2d 339, 341). Even if FNB's status as servicing agent were not sufficient to confer standing upon it, the substitution of Fairbanks, the subsequent assignee of the mortgage, relates back to the original commencement of the action in December 1994 for purposes of the Statute of Limitations, given that the substitution did not result in any prejudice or surprise to Nagel (*see, MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313; *Lyall v Grayco Bldrs.*, 180 AD2d 7, 17; *American Home Assur. Co. v Scanlon*, 164 AD2d 751, 751-752). The cross motion was also correctly denied to the extent it sought an order of preclusion as a sanction for plaintiff's failure to respond to a demand for a bill of particulars, and instead directed plaintiff to serve such a bill of particulars within 20 days, because, *inter alia*, it cannot be said, under the circum-

stances, that the failure to respond was willful or contumacious (*see, e.g., Kovacs v Castle Restoration & Constr.*, 262 AD2d 165, 165-166).

The codefendant condominium board's motion for appointment of a temporary receiver for the subject unit, to which Fairbanks did not object, was properly granted, given that Nagel does not dispute that he has not paid common charges for the unit for years. Nagel's implausible contention that he has never had an obligation to pay common charges because the declaration of the plan of condominium does not assign any common interest percentage to the subject unit is flatly contradicted, and authoritatively disproven, by the subject mortgage, which describes the mortgaged property as including "an undivided 2.12307 per cent interest in [the building's] common elements." Thus, the appointment of a receiver to collect common charges from Nagel as use and occupancy fees was appropriate, even if, as Nagel argues, an amendment to the declaration slightly increasing the unit's common interest percentage was invalid under the condominium's by-laws because Nagel did not give written consent to such amendment, a question which we find it unnecessary to address at this time. Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.