◼ Mortgage Electronic Registration Systems, Inc., Respondent, v Carrie Coakley, Appellant, et al., Defendants. [838 NYS2d 622]—

In an action to foreclose a mortgage, the defendant Carrie Coakley appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 23, 2006, which denied her motion pursuant to CPLR 3211 (a) to dismiss the complaint on the ground, inter alia, that the plaintiff lacked standing to commence the action.

Ordered that the order is affirmed, with costs.

In August 2005 the plaintiff Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), commenced this action to foreclose a mortgage made by the defendant Carrie Coakley in favor of First National Bank of Arizona (hereinafter First National) dated January 8, 2005, to secure her indebtedness in the sum of $1,495,000 pursuant to a promissory note dated January 7, 2005, with respect to the premises known as 98 Bridies Path, Southampton, New York (hereinafter the premises). Coakley moved pursuant to CPLR 3211 (a) to dismiss the complaint on the ground, inter alia, that MERS lacked standing to commence the foreclosure action. The Supreme Court disagreed and denied the motion. We affirm.

Contrary to the defendant's contentions, the promissory note was a negotiable instrument within the meaning of the Uniform Commercial Code (hereinafter UCC) (see UCC 3-104; Slutsky v Blooming Grove Inn, 147 AD2d 208, 212 [1989]). The record shows that the promissory note was indorsed by First National over to the First National Bank of Nevada, then indorsed by First National Bank of Nevada in blank, and ultimately transferred and tendered to MERS. Therefore, at the time of the commencement of this action, MERS was the lawful holder of the promissory note (see UCC 3-204 [1]; Franzese v Fidelity N.Y. FSB, 214 AD2d 646 [1995]), and of the mortgage, which passed as an incident to the promissory note (see Payne v Wilson, 74 NY 348, 354-355 [1878]; see also Weaver Hardware Co. v Solomovitz, 235 NY 321 [1923]; Matter of Falls, 31 Misc 658, 660 [1900], affd 66 App Div 616 [1901]). Accordingly, MERS had standing to bring the action.

Moreover, further support for MERS's standing to commence the action may be found on the face of the mortgage instrument itself. Pursuant to the clear and unequivocal terms of the mortgage instrument, Coakley expressly agreed without qualification that MERS had the right to foreclose upon the premises in the event of a default (*see Fairbanks Capital Corp. v Nagel*, 289 AD2d 99, 100 [2001]; *Airlines Reporting Corp. v S & N Travel*, 238 AD2d 292, 293 [1997]; *College Mgt. Co. v Belcher Oil Co. of N.Y.*, 159 AD2d 339, 341 [1990]).

The defendant's remaining contentions are without merit. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.