*803 OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion by the plaintiff for partial summary judgment on its first cause of action against defendant Flynn and for dismissal of the affirmative defenses and counterclaims asserted in his answer is considered under CPLR 3212 and RPAPL article 13 and is granted.
On November 21, 2008 the plaintiff commenced this hybrid action to foreclose a February 26, 2007 mortgage given by defendant Flynn to secure a note of the same date in the amount of $2,000,000 in connection with his purchase of residential real property located in the Town of Southampton. In the separate, second cause of action set forth in its complaint, the plaintiff demands declaratory relief pursuant to RPAPL 1501 to effect an extinguishment or subordination of the liens and encumbrances owned by the remaining known defendants listed in the caption. For the reasons set forth below, the instant motion, which is limited to a demand for partial summary judgment on the plaintiffs first cause of action against the mortgagor defendant Flynn, is granted.
It is well established that a plaintiff who seeks summary judgment on its claims for foreclosure and sale establishes a prima facie case for such relief by production of copies of the mortgage, the unpaid note and evidence of a default under the terms thereof (see CPLR 3212; RPAPL 1321; North Bright Capital, LLC v 705 Flatbush Realty, LLC, 66 AD3d 977 [2d Dept 2009]; Wells Fargo Bank Minn., N.A. v Perez, 41 AD3d 590 [2d Dept 2007]; Household Fin. Realty Corp. of N.Y. v Winn, 19 AD3d 545 [2d Dept 2005]; Ocwen Fed. Bank FSB v Miller, 18 AD3d 527 [2d Dept 2005]). Here, the moving papers established the plaintiffs entitlement to summary judgment on its complaint to the extent it asserts claims against answering defendant Flynn as they included copies of the mortgage, the unpaid note and due proof of a default in payment.
It was thus incumbent upon Flynn to submit proof that factually rebuts the plaintiffs prima facie showing or demonstrates that one or more of the affirmative defenses asserted in his answer requires a trial (see Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer, 67 AD3d 872 [2d Dept 2009]; Washington Mut. Bank, F.A. v O’Connor, 63 AD3d 832 [2d Dept 2009]; JP Morgan Chase Bank, N.A. v Agnello, 62 AD3d 662 [2d Dept 2009]; Household Fin. Realty Corp. of N.Y. v Winn, 19 AD3d 545 *804 [2005], supra). A review of the opposing papers submitted by the defendant reveals, however, that they were insufficient in this regard.
Flynn’s first asserted defense, namely, that the plaintiff lacks standing or the capacity to sue by reason of its non-ownership of the subject note and mortgage, is refuted by the record. It is well settled law that in cases wherein “the plaintiff is the assignee of the mortgage and underlying note at the time the foreclosure action was commenced, the plaintiff has standing to maintain the action” (Countrywide Home Loans, Inc. v Gress, 68 AD3d 709 [2d Dept 2009], quoting Federal Natl. Mtge. Assn. v Youkelsone, 303 AD2d 546, 546-547 [2d Dept 2003]; see also Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204 [2d Dept 2009]; First Trust Natl. Assn. v Meisels, 234 AD2d 414 [2d Dept 1996]). Here, the plaintiff claims ownership of the note and mortgage under a written assignment executed by a nominee of the original lender in favor of the plaintiff which predates the commencement of this action by two days.
Flynn’s challenges to the ineffectiveness of the assignment by Mortgage Electronic Registration Systems, Inc. (MERS), the nominee of the original lender, are unavailing. Flynn alleges that the MERS assignment did not effect a valid transfer of the note, notwithstanding its recitation of an assignment of the note, as well as the mortgage, because MERS never had an ownership interest in the note at the time of the assignment. The plaintiff counters by relying on the language of the mortgage indenture itself which names MERS as mortgagee of record and nominee of the lender, its successors and assigns, and confers upon it broad authority to act with respect to the mortgage in all ways that the original lender, its successors and assigns could act, including the right to foreclose, and to take any action required of the lender, including, but not limited, to releasing or discharging the mortgage.
Some support for the plaintiffs claim that the language of the mortgage itself confers standing upon a foreclosing plaintiff can be found in the case of Mortgage Elec. Registration Sys., Inc. v Coakley (41 AD3d 674 [2d Dept 2007]). Therein, the Appellate Division, Second Department sustained the standing of MERS to sue as a foreclosing plaintiff in the face of a challenge thereto. The Court found that MERS had ownership of the note by virtue of an indorsement and that ownership of the mortgage followed as an incident of the transfer of the note. The Court then focused on the powers conferred upon MERS under the mortgage indenture and noted as follows:
*805 “Morever, further support for MERS’s standing . . . may be found on the face of the mortgage instrument itself . . . Coakley expressly agreed without qualification that MERS had the right to foreclose in the event of a default (see Fairbanks Capital Corp. v Nagel, 289 AD2d 99, 100 [2001]; Airlines Reporting Corp. v S & N Travel, 238 AD2d 292, 293 [1997]; College Mgt. Co. v Belcher Oil Co. of NY., 159 AD2d 339, 341 [1990])” (id. at 675).
This court is aware of only one other New York appellate case authority wherein the court addressed the propriety of the prosecution of a mortgage foreclosure action by a nominee or other agent of the owner of the note and mortgage at the time of the commencement of the action. In Fairbanks Capital Corp. v Nagel (289 AD2d 99, 100 [2001], supra), the Appellate Division, First Department noted in dicta that a servicing agent of the owner of the note and mortgage could prosecute the foreclosure action so long as its authority to do so was properly conferred. However, courts in various other jurisdictions have upheld the standing of MERS, as nominee, to prosecute a foreclosure action where the mortgage indenture at issue confers upon such nominee broad powers to act as the lender or its successors and assigns may act (see Morgera v Countrywide Home Loans, Inc., 2010 WL 160348, 2010 US Dist LEXIS 2037 [ED Cal, Jan. 11, 2010]; Bucci v Lehman Bros. Bank, 2009 WL 3328373, 2009 RI Super LEXIS 110 [Aug. 25, 2009]; Mortgage Elec. Registration Sys., Inc. v Revoredo, 955 So 2d 33 [3d Dist Ct App, Fla 2007]; Hilmon v Mortgage Elec. Registration Sys., 2007 WL 1218718, 2007 US Dist LEXIS 29578 [ED Mich 2007]; In re Huggins, 357 BR 180 [D Mass 2006]).
In a more recent case entitled Crum v LaSalle Bank, N.A. (— So 3d —, 2009 WL 2986655, 2009 Ala Civ App LEXIS 491 [2009]) the Alabama Court of Civil Appeals rejected a debtor’s claim that an assignment by a nominee of the owner of the note and mortgage was ineffective because the assignor lacked ownership of the note evidencing debt at the time it made the assignment. This finding was premised in large part upon the language of the mortgage indenture which conferred upon the nominee named therein (MERS) broad authority to act on behalf of the lender, including being empowered “to take any action required of [the] [l]ender” (— So 3d at —, 2009 WL 2986655, *1, 2009 Ala Civ App LEXIS 491, *2).
The defendant’s reliance upon Matter of Merscorp, Inc. v Romaine (24 AD3d 673 [2d Dept 2005], affd 8 NY3d 90 [2006]) to *806 support his first affirmative defense is misplaced. Therein, the Second Department held that mortgages, assignments and discharges thereof which name MERS as the lender’s nominee or the mortgagee of record must be recorded and indexed by the County Clerk. The holding was affirmed by the Court of Appeals. Neither the Second Department nor the Court of Appeals decided the issue of the efficacy of a MERS assignment to confer standing upon the assignee. Indeed, both concurring Judge Ciparick and dissenting Chief Judge Kaye of the Court of Appeals stated that consideration of the standing of MERS to prosecute a foreclosure action under the ancient rule that a “transfer of the mortgage without the debt is a nullity” (Merritt v Bartholick, 36 NY 44, 45 [1867]) was not undertaken by the Court, but instead, left for another day (see Merscorp, Inc. v Romaine, 8 NY3d at 100, 102).
The notable trial court decision issued in LaSalle Bank Natl. Assn. v Lamy (12 Misc 3d 1191[A], 2006 NY Slip Op 51534[U] [Sup Ct, Suffolk County 2006, Burke, J.]) is also not controlling. Therein, the trial court found, among other things, that a MERS assignment was ineffective by reason of a lack of an ownership interest in the note on the part of MERS at the time of the assignment. However, this court respectfully disagrees with the conclusion reached by the court in Lamy on this issue and thus declines to adopt it.
This court finds that where, as here, an entity such as MERS is identified in the mortgage indenture as the nominee of the lender and as the mortgagee of record and the mortgage indenture confers upon such nominee all of the powers of such lender, its successors and assigns, a written assignment of the note and mortgage by MERS, in its capacity as nominee, confers good title to the assignee and is not defective for lack of an ownership interest in the note at the time of the assignment. In such cases, MERS is acting as the nominee of the owner of the note and of the mortgage, in which MERS is additionally designated as the mortgagee of record. No disconnect between the note and mortgage occurs when MERS acts, at the time of the assignment, as the nominee of the original lender or a successor owner or holder of the note and mortgage. Consequently, a MERS assignment does not violate this State’s long-standing rule that a transfer of a mortgage without a concomitant transfer of the debt is void (see Merritt v Bartholick, 36 NY 44 *807 [1867], supra).* A foreclosure plaintiff thus has standing where its ownership of the note and mortgage derives from an assignment issued by a nominee named in the mortgage indenture, qualified as above, and such assignment is complete prior to the commencement of such action.
Here, the plaintiff established that the written assignment of the note and qualifying mortgage by MERS, as nominee of the original lender, was complete and predated the commencement of this action. The defendant’s claim that the plaintiffs assignment was defective due to the lack of an ownership interest in the note on the part of the assignor, MERS, is thus rejected as unmeritorious. Flynn’s first affirmative defense containing a challenge to the plaintiffs standing and/or capacity to sue is thus dismissed.
The remaining affirmative defenses asserted in the answer of defendant Flynn are similarly without merit. Flynn’s conclusory claims that the statute of frauds, the doctrine of unclean hands, that the plaintiffs damages were caused by its own wrongful conduct and that documentary evidence bars the plaintiffs claims for foreclosure and sale are belied or unsupported by the record and are otherwise without basis in fact or law. Moreover, the plaintiffs contention that Flynn effectively abandoned these affirmative defenses by his failure to assert them in opposition to the plaintiffs motion is meritorious. Accordingly, affirmative defenses numbered second through fifth set forth in Flynn’s answer are dismissed.
The record adduced on this motion sufficiently established that none of the counterclaims asserted in the defendant’s answer have merit and no factual issues requiring a trial were raised by Flynn’s opposing papers. Flynn’s first counterclaim, which contains no affirmative demands for relief, alleges that the plaintiff lacks standing because it failed to notify him of the assignment of the mortgage. Such a claim presumes a duty on the part of the plaintiff to undertake such notification. However, no such duty exists. The plain language of the mortgage indenture itself advised Flynn of the possibility of future assignments and of the fact he would not necessarily receive notice thereof. The first counterclaim is thus wholly lacking in merit. *808 The remaining counterclaims asserted in Flynn’s answer are also without merit and Flynn’s failure to adduce some proof in support thereof warrants their dismissal (see Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer, 67 AD3d 872 [2009], supra; Bank of N.Y. v Stradford, 55 AD3d 765 [2d Dept 2008]; Wells Fargo Bank v Linzenberg, 50 AD3d 674 [2d Dept 2008]; Aames Capital Corp. v Davidsohn, 24 AD3d 474 [2d Dept 2005]).
Finally, the court rejects Flynn’s newly asserted demand for a settlement conference. The plaintiff has demonstrated that defendant Flynn is not entitled to a mandatory conference of the type contemplated by the provisions of CPLR 3408 (see LaSalle Bank N.A. v Novetti, 24 Misc 3d 1206[A], 2009 NY Slip Op 51285[U] [Sup Ct, Suffolk County 2009, Whelan, J.]). Nor does it appear that defendant Flynn is entitled to a voluntary conference of the type contemplated by Laws of 2008, chapter 472, § 3-a (as amended by L 2009, ch 507, §§ 10, 25) due to Flynn’s nonresidency at the mortgaged premises. Flynn’s demands for a denial of this motion pending the scheduling and holding of a settlement conference is thus denied.
In view of the foregoing, the instant motion is granted. Partial summary judgment in favor of the plaintiff against the answering defendant Flynn on the plaintiffs first cause of action for a judgment of foreclosure and sale is hereby granted.

 Noted parenthetically is that this long-standing New York rule is at odds with the generally prevailing common-law rule that a transfer of the mortgage also transfers the debt unless the parties otherwise agree or such transfer is precluded by an applicable provision of the Uniform Commercial Code (see Restatement [Third] of Property [Mortgages] § 5.4 [b]).