■ CWCAPITAL ASSET MANAGEMENT LLC, as Special Servicer for Bank of America, N.A., as Trustee on Behalf of the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2007-GG10, Re-

spondent, v CHARNEY-FPG 114 41ST STREET, LLC, Appellant, et al., Defendants. [923 NYS2d 453]—

Amended order, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 10, 2010, which granted plaintiff's motion for appointment of a temporary receiver in a mortgage foreclosure action, unanimously affirmed, with costs. Orders, same court and Justice, entered January 22, 2010, unanimously dismissed, without costs, as superseded by the March 10, 2010 order.

Although a plaintiff in a foreclosure action must generally establish ownership of the mortgage and mortgage note (*see Witelson v Jamaica Estates Holding Corp. I*, 40 AD3d 284 [2007]), and the plaintiff in this action does not hold the mortgage, it has standing to bring the foreclosure action and seek appointment of a receiver. The foreclosure complaint identified the trustee as the mortgage holder, the action was expressly maintained in plaintiff's capacity as servicing agent, and, in the pooling and servicing agreement, the trustee delegated to plaintiff authority to act with respect to the subject mortgage (*see Fairbanks Capital Corp. v Nagel*, 289 AD2d 99 [2001]).

Contrary to defendant's contention, that the mortgage in *Fairbanks Capital* was actually assigned to the servicing agent is not a "critical fact" distinguishing it from the instant circumstance, inasmuch as the mortgage in that case was assigned to the servicing agent after the foreclosure action had been commenced, so the assignment could not have provided the basis for the servicing agent's standing (*see US Bank N.A. v Madero*, 80 AD3d 751, 752 [2011]). There is no requirement that the agent's authority to foreclose be granted in a document as to which defendant is a party, such as the mortgage instrument or other loan documents (*but see Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]).

We have considered defendant's other contentions and find them unavailing. Concur—Sweeny, J.P., DeGrasse, Richter and Manzanet-Daniels, JJ.