■ DEUTSCHE BANK TRUST COMPANY AMERICAS, Appellant, v DOMINIC CODIO, Respondent, et al., Defendants. [943 NYS2d 545]—

In an action to foreclose a mortgage on real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated June 23, 2011, which granted those

branches of the motion of the defendant Dominic Codio which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against him for lack of standing, and pursuant to CPLR 6514 to vacate a notice of pendency filed in connection with the real property.

Ordered that the order is reversed, on the law, with costs, those branches of the motion of the defendant Dominic Codio which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against him, and pursuant to CPLR 6514 to vacate the notice of pendency are denied, and the notice of pendency is reinstated.

By producing a document designated as an "allonge to note," which established that the plaintiff is the transferee of the subject mortgage note, the plaintiff made a showing sufficient to warrant denial of that branch of the motion of the defendant Dominic Codio which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against him based on the plaintiff's alleged lack of standing (*see* CPLR 3211 [a] [3]). " '[A] written assignment of the underlying note . . . prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 281 [2011], quoting *US Bank N.A. v Madero*, 80 AD3d 751, 753 [2011] [internal quotation marks omitted]; *see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]; *see also U.S. Bank, N.A.. v Sharif*, 89 AD3d 723 [2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 109 [2011]; *Weaver Hardware Co. v Solomovitz*, 235 NY 321, 331-332 [1923]; *Matter of Falls*, 31 Misc 658, 660 [1900], *affd* 66 App Div 616 [1901]).

Accordingly, the Supreme Court should have denied those branches of Codio's motion which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against him, and pursuant to CPLR 6514 to vacate a notice of pendency filed by the plaintiff in connection with the mortgaged real property. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.