On or about October 24, 2006, the defendants executed a note in the amount of $46.5 million in favor of CIBC, Inc. The note *851 was secured by a mortgage on commercial real property located in Great Neck. Through various assignments and mergers, and a Pooling and Servicing Agreement (hereinafter the PSA), ownership of the note and mortgage was transferred to the Registered Holders of J.E Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC17, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC17 (hereinafter the Trust), Bank of America, N.A. (hereinafter Bank of America), became the Trustee for the Trust, and the plaintiff, CWCapital Asset Management, LLC (hereinafter CWCapital), became the Special Servicer of the loan.
In October 2009 the defendants allegedly defaulted on the note. In January 2010 CWCapital, solely in its capacity as Special Servicer for Bank of America, as Trustee for the Trust, commenced this action to foreclose the mortgage. The defendants moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing. The Supreme Court denied the motion. The defendants appeal, and we affirm.
Contrary to the defendants’ contention, CWCapital has standing to commence this foreclosure action because the complaint identified the Trust as the owner of the note and mortgage, the action was expressly maintained in CWCapital’s capacity as servicing agent, and, in the PSA, Bank of America’s predecessor, as the Trustee for the Trust, delegated to CWCapital the authority to act with respect to the subject mortgage (see CWCapital Asset Mgt. LLC v Charney-FPG 114 41st St. LLC, 84 AD3d 506, 506 [2011]; Fairbanks Capital Corp. v Nagel, 289 AD2d 99, 100 [2001]).
The defendants’ remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants’ motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing. Florio, J.E, Balkin, Belen and Chambers, JJ., concur.