■ ACE Securities Corp., Respondent, v DB Structured Products, Inc., Appellant. [977 NYS2d 229]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 14, 2013, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

This action is barred by the six-year statute of limitations on contract causes of action (CPLR 213 [2]).

Plaintiff alleges that defendant breached representations and warranties in connection with the securitization of a pool of mortgage loans governed by a Mortgage Loan Purchase Agreement (MLPA) and a Pooling and Servicing Agreement (PSA). The MLPA and PSA provided that the trustee was not entitled to sue or to demand that defendant repurchase defective mortgage loans until it discovered or received notice of a breach *and* the cure period lapsed. The motion court erred in finding that plaintiff's claims did not accrue until defendant either failed to timely cure or repurchase a defective mortgage loan (*see Structured Mtge. Trust 1997-2 v Daiwa Fin. Corp.*, 2003 WL 548868, 2003 US Dist LEXIS 2677 [SD NY, Feb. 25, 2003,

No. 02 Civ 3232(SHS)]). To the contrary, the claims accrued on the closing date of the MLPA, March 28, 2006, when any breach of the representations and warranties contained therein occurred (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]; *Varo, Inc. v Alvis PLC*, 261 AD2d 262, 267-268 [1st Dept 1999], *lv denied* 95 NY2d 767 [2000]).

The certificate holders commenced an action on behalf of the trust, after plaintiff refused to do so, on March 28, 2012, the last day of the limitations period. However, defendant had not received notice of the alleged breach until February 8, 2012. Thus, the 60- and 90-day periods for cure and repurchase had not yet elapsed. The certificate holders' failure to comply with a condition precedent to commencing suit rendered their summons with notice a nullity (*see Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 80 AD3d 505 [1st Dept 2011]).

In any event, the certificate holders lacked standing to commence the action on behalf of the trust. The "no-action" clause in section 12.03 of the PSA sets forth as a condition precedent to such an action that the certificate holders provide the trustee with "a written notice of default and of the continuance thereof." However, the "defaults" enumerated in the PSA concern failures of performance by the servicer or master servicer only. Thus, the PSA does not authorize certificate holders to provide notices of "default" in connection with the sponsor's breaches of the representations (*see Walnut Place LLC v Countrywide Home Loans, Inc.*, 96 AD3d 684 [1st Dept 2012]).

Nor does the substitution of the trustee as plaintiff permit us to deem timely filed the trustee's complaint, which was filed September 13, 2012 (*compare e.g. HSBC Guyerzeller Bank AG v Chascona N.V.*, 42 AD3d 381, 382 [1st Dept 2007] [original and substituted plaintiffs were "affiliates in the HSBC family"]; *American Home Assur. Co. v Scanlon*, 164 AD2d 751, 752 [1st Dept 1990] [original and substituted plaintiffs were "both part of the American International Group of insurance companies"]; *Frankart Furniture Staten Is. v Forest Mall Assoc.*, 159 AD2d 322 [1st Dept 1990] [original and substituted plaintiffs were a retail furniture business and the actual owner of the furniture]).

In light of the foregoing, we need not reach defendant's alternative basis for dismissal. Concur—Tom, J.P., Andrias, DeGrasse and Richter, JJ.

Motion and cross motions for leave to file amicus curiae brief granted. **[Prior Case History: 40 Misc 3d 562.]**