## UMB Bank, N.A. v Taif Devs. L.L.C.

### 2026 NY Slip Op 30619(U)

### February 25, 2026

### Supreme Court, Queens County

### Docket Number: Index No. 709083/2024

### Judge: Robert I. Caloras

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK QUEENS COUNTY**

PRESENT:   **HON. ROBERT I. CALORAS**          PART          **PART 36 MOTIONS**

*Justice*

-----------------------------------------------------------------------X

UMB BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR MLM 13648 TITLE TRUST,

INDEX NO.          **709083/2024**

MOTION SEQ. NO.          **001**

**Plaintiff,**

**- v -**

TAIF DEVELOPERS LIMITED LIABILITY COMPANY, MOHAMMED QUDDUS, JOHN DOE AND JANE DOE,

**DECISION + ORDER ON MOTION**

**Defendants.**

DATED: February 25, 2026

-----------------------------------------------------------------------X

According to the Complaint, on October 30, 2019, Defendant Taif Developers Limited Liability Company (hereinafter "Borrower" and "Mortgagor") and Mohammed Quddus, as guarantor (hereinafter "Guarantor") executed a note in favor of Loan Funder LLC Series 9220 (hereinafter "Lender"), in the sum of $306,000.00, which was secured by a mortgage on the subject property. Subsequently, the Borrower, Guarantors and Lender amended and supplemented the loan by executing three separate loan extension agreements. Thereafter, the note and mortgage were assigned to Plaintiff.

Plaintiff now moves for an order granting summary judgment pursuant to CPLR 3212, dismissing Defendants' affirmative defenses pursuant to CPLR 3211(b); granting default judgment against the non-appearing Defendant pursuant to CPLR 3215; an order of reference; and substituting Jane Doe (Refused Name) s/h/a John Doe and amending the caption. Plaintiff submitted, among other things, an affidavit from Anita Jonson (hereinafter "Johnson"), Assistant Secretary of Fay Servicing, LLC (hereinafter "Fay"), servicer and attorney-in-fact for Plaintiff, along with the following annexed thereto: a) note, allonge and guaranty; b) mortgage; c) assignment; d) loan extension agreement, dated October 3i2020, thereby extending -the maturity date to April 30, 2021 (hereinafter "First Extension Agreement"); e) a loan extension agreement, dated April 30, 2021, thereby extending the maturity date to July 30, 2021 (hereinafter "Second Extension Agreement"); f) a loan execution agreement, dated July 30, 2021, thereby extending the maturity date to November 1, 2022 (hereinafter "Third Extension Agreement"); g) account history; h) Affidavit of Business Purposes; and i) Notices of Default, an affidavit confirming the mailing of these notices, and United States Postal Service tracking information confirming the mailing of these notice.

In opposition, Defendants TAIF DEVELOPERS LIMITED LIABILITY COMPANY and MOHAMMED QUDDUS (hereinafter "Defendants") argue that Plaintiff lacks standing because "it is not apparent" that the alleged allonge endorsed in blank that Plaintiff relies upon was attached to the note. Defendants also claim that settlement negotiations with Plaintiff have been delayed because Defendants have been unable to schedule access to the subject property for Plaintiff to perform an interior inspection due to a tenant at the subject property that Defendants are seeking to evict.

[* 1]

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In a mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (*see Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176 [2d Dept 2015]; *Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2d Dept 2015]; *One W. Bank, FSB v DiPilato*, 124 AD3d 735 [2d Dept 2015]).

Where, as here, the plaintiff's standing has been placed in issue by the defendant, the plaintiff also must prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2d Dept 2015]). In a foreclosure action, a plaintiff establishes its standing by demonstrating that it is the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (*see Bank of Am., N.A. v Paulsen*, 125 AD3d 909 [2d Dept 2015]; *US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2d Dept 2014]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 507 [2d Dept 2013]; *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2d Dept 2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2d Dept 2009]). Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an endorsement in blank or bears a special endorsement payable to the order of the plaintiff (*see Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1376 [3d Dept 2015]). The effect of an endorsement is to make the note "payable to bearer" pursuant to UCC § 1-201 (b) (5) (*see Franzese v Fidelity N.Y., FSB*, 214 AD2d 646 [2d Dept 1995]). When an instrument is endorsed in blank, and thus payable to bearer, it may be negotiated by transfer of possession alone (UCC § 3-202; 3-204; 9-203 [g]; *see Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2d Dept 2007]). It is the note, not the mortgage, that is the dispositive instrument that conveys standing to foreclose under New York law (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]).

Here, the Court finds that Plaintiff's submissions established its prima facie entitlement to summary judgment. Plaintiff established compliance with UCC §3-804 through Fay's Affidavit in which Fay averred "Plaintiff…maintained possession of the original Note, endorsed to blank, by virtue of one allonge firmly affixed thereto, at the time of commencement of this action". Consequently, the Court finds, contrary to Defendants' claims, that Plaintiff established it has standing. The Court also finds that Defendants failed to raise any triable issues of fact, and that while the Court lauds Defendants' attempts to settle this matter, that is an insufficient basis to deny Plaintiff summary judgment. Accordingly, Plaintiff's the branch of Plaintiff's motion seeking summary judgment against Defendants is granted.

The branch of Plaintiff's motion seeking motion an order substituting Jane Doe (Refused Name) s/h/a John Doe and amending the caption is granted, without opposition. In view of the foregoing, the remaining branch of Plaintiff's motion seeking an order of reference is granted.

Submit order.



**ROBERT I. CALORAS, J.S.C.**

FILED
2/27/2026
COUNTY CLERK
QUEENS COUNTY

[* 2]

2 of 2