Thomas A. Aurelio, J.
Plaintiff moves for summary judgment and defendants have requested judgment dismissing the complaint. The suit is based upon the submission to the defendants of a proposed television program, an agreement for payments to the plaintiff in the event of use, and claimed use by defendants obliging them to pay. The program is “ The Price is Eight ”. Its main thrust is the promotion of merchandise with a fixed or standard retail price. Admittedly, defendants’ presentation is their first which is based on the retail price as the central theme. The agreement for the payment of a stated sum weekly in the event of use is in writing. Nothing is presented to the court for consideration and determination save the question of use. The submission and defendants’ script and program are before the court and the matter is fully exposed.
Defendants urge that there has not been use of plaintiff’s ideas, format or other material in combination or otherwise. They dispute plaintiff’s contention that the core of “ The Price is Eight” is the presentation and promotion of merchandise with a standard or fixed price. They describe the basic concept of plaintiff’s submission as follows: “ Its central theme or idea is that of a quiz program in which merchandise is used as a ‘ gimmick ’ to differentiate the program from every other quiz program on the air. So far as presentation and promotion of merchandise is concerned, suffice it to say that this is an aspect inherent in all quiz shows where merchandise prizes are offered instead of cash. The retail or established price of the prize is employed in the plaintiff’s submission only in an incidental manner and for the purpose of determining whether a contestant "wishes to continue or withdraw from further competition.”
Clearly, the material submitted by plaintiff and the defendants’ program utilize a “ gimmick ” in relation to the presentation of merchandise which differentiates both from every other quiz or merchandising show and that is the standard or fixed retail price. Both programs are peppered with the phrase *654 employed by plaintiff “ If the Price is Right Defendants did not purchase by the November 1, 1956 writing the right to use this central idea except upon payment therefor. There was no obligation to use any material having anything to do with the idea of a standard or fixed retail price. Any program having the title 1 ‘ The Price is Right ’ ’ but having no relation to it could have been used. But the program used not only supports the title but embodies the central idea of plaintiff’s submission.
To be sure, there are differences in the programs but they produce no real distinction in idea or combination. For example, defendants suggest that feature of plaintiff’s composite idea which offers to contestants the opportunity to purchase the merchandise at reduced prices. On examination, this is not only subsidiary, incidental and of no significance, but represents no actual difference in the central idea for the price is reduced only in relation to the standard or fixed retail price. So also the composite ideas embodying auction, as contrasted tp a quiz, present no real distinction for each is again related to the standard and fixed retail price. Plaintiff’s program has been substantially lifted.
It seems an extraordinary circumstance that having had plaintiff’s submission since 1953 defendants purchased the right to use plaintiff’s title in November, 1956 and instantly thereupon produced their program. That use did not go along with the title and for such use defendants are required to comply by payment in accordance with the November 1,1956 writing.
As a consequence, no issue survives for it is clearly established that defendants’ program constitutes the use of plaintiff’s submission. Plaintiff is, accordingly, entitled to prevail. Plaintiff’s motion is granted directing an assessment.
Settle order.