■ LAWRENCE M. JARACH, as Trustee for G. GUETTA OF MILAN, ITALY, Appellant, v. OCEAN CARRIERS CORPORATION, Respondent.— Order denying plaintiff's motion for summary judgment unanimously affirmed, on the law, with costs to abide the event. Since the writings show that defendant's agreement was made with and required payment to plaintiff, plaintiff may maintain this action in his own name even though he may be merely an agent for collection (Civ. Prac. Act, § 210; *Considerant* v. *Brisbane*, 22 N. Y. 389; 2 Carmody-Wait, p. 548 *et seq.*). Issues of fact exist, however, with respect to the terms of agreement. The letter dated December 4, 1958, states that the agreement set forth therein shall be cancelled unless the ship has commenced loading by December 16. Defendant's further agreement to pay plaintiff an additional $15,000, embodied in the letter dated November 28, 1958, is claimed to be conditioned upon the amendment of the letter of credit to provide for 30% payment upon presentation of master on board bills of lading. The agreement is not so clear in that respect as to permit determination of the issue on this record as a matter of law. Since these issues are sufficient to require trial, it is not necessary to reach the other question raised by defendant, namely, that there was a total substitution of the earlier by the later agreement. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ SIDNEY STONE, Respondent, v. MARK GOODSON et al., Doing Business under the Name of GOODSON-TODMAN PRODUCTIONS, Appellants.— Resettled order entered May 14, 1959 unanimously reversed on the law, with $20 costs and disbursements to the appellants, and the plaintiff's motion for summary judgment denied, with costs. Issues of fact exist as to whether the defendants undertook to pay for the use merely of the central idea of the plaintiff's submission, and, if so, whether there was such user; or whether they were to pay only for the use of the plaintiff's " ideas, format and literary material " as embraced in his submission, and, if so, whether there was such user. There may be other issues of fact, but, in any event, those hereinbefore referred to are sufficient to require a trial. The appeal from the original order entered April 13, 1959 is dismissed, without costs. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ. [17 Misc 2d 652.]