■ HERBERT KRONISH, Respondent, v MILTON A. KOFFMAN et al., Individually and as General Partners of Atlantic Avenue West Partnership, et al., Appellants.—Order, Supreme Court, New York County (Carol Huff, J.), entered May 2, 1990, which denied defendants' motions for dismissal or summary judgment in an action for finder's fees, unanimously affirmed, with costs.

Plaintiff is an attorney, and a member of a law partnership. Defendants, in their various forms, are real estate entities controlled by the Koffman family. Plaintiff alleges that at a meeting in June of 1981, Burton and David Koffman indicated to plaintiff that if he found a purchaser for a tract of land in Florida owned by the Koffmans, he would be entitled to a finder's fee. Plaintiff alleges that it was clear that the Koffmans were not retaining plaintiff's law firm for legal work, insofar as they had retained other counsel. Rather, the offer was made to plaintiff in his individual capacity regarding a finder's fee rather than any legal fees. Plaintiff subsequently put defendants in contact with another attorney, who was of counsel to plaintiff's firm, but not a member or an associate of that firm. At a second meeting, the parties were introduced by plaintiff, and, according to plaintiff's allegations, he was then removed from negotiations. Eventually, the deal was consummated. Plaintiff then sued for his finder's fee.

On the basis of plaintiff's allegations, as supported by affidavits submitted by plaintiff and the purchaser, and taking into consideration defendants' submissions, as well as defendants' failure to submit relevant affidavits from the two Koffmans who attended the first meeting at which the offer to plaintiff allegedly was broached, we cannot conclude that the motion court erred. It is well established that in order to warrant summary judgment, the moving party must conclusively establish that all legal issues are resolved on the papers, and no

factual issues remain to be resolved (CPLR 3212 [b]; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). We accept as true, as we must, plaintiff's substantiated allegations, for purposes of the motion *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 297). Nor can we conclude that plaintiff's allegations have failed to establish a cause of action for the finder's fee, *prima facie.* The fact that plaintiff is a member of a law firm does not preclude plaintiff's ability to proceed in an individual capacity to recover these finder's fees. Although the terms of plaintiff's law firm partnership agreement countenance a sharing of the proceeds, it also provides that the party who earns the fees is responsible for recovery of the fees. As such, we cannot conclude that plaintiff is not the real party in interest (CPLR 1004). For purposes of the motion, even if plaintiff alleged that he acted on behalf of his partnership, he still would have had standing to commence the action *(see, Jarach v Ocean Carriers Corp.,* 9 AD2d 646).

Defendants' contention that plaintiff acted as a broker rather than a finder *(see generally, Minichiello v Royal Business Funds Corp.,* 18 NY2d 521, 527, *rearg denied* 19 NY2d 750, *cert denied* 389 US 820) is a factual issue to be determined at trial. We note that neither the passage of time *(see, Simon v Electrospace Corp.,* 32 AD2d 62, *mod* 28 NY2d 136) nor a variance of the eventual terms (28 NY2d 136, *supra)* would defeat plaintiff's contentions as a matter of law. Similarly, defendants' contentions that plaintiff acted only as an attorney, as is purportedly reflected in law office memos and billing sheets, raise only a factual issue. Concur—Sullivan, J. P., Carro, Ross and Kassal, JJ.