■ DAIICHI SEIHAN USA, INC., Respondent, v INFINITY USA, INC., Appellant, and DIC AMERICAS, INC., Respondent and Counterclaim Defendant. [625 NYS2d 527] —Order and judgment,

Supreme Court, New York County (Ira Gammerman, J.), entered August 11 and August 16, 1994, respectively, which, *inter alia,* granted plaintiff summary judgment against defendant Infinity in the amount of $260,311.07 and dismissed defendant's counterclaims, and order of the same court and Justice, entered January 13, 1995, which, *inter alia,* denied defendant's motion to vacate the August 16th judgment, granted renewal and adhered to the prior decision, unanimously affirmed, with one bill of costs.

In light of the unambiguous contract between plaintiff and Infinity, and Infinity's failure to continue to make its monthly payments pursuant to said contract, summary judgment was warranted *(see, Jafari v Wally Findlay Galleries,* 741 F Supp 64, 67). Any attempt by defendant to alter the plain meaning of the contract by alleged oral modifications fails as a result of the contract's integration clause *(see, Citibank v Plapinger,* 66 NY2d 90; *Goodyear Publ. Co. v Mundell,* 75 AD2d 556). Moreover, while defendant complains that it never received an "ongoing business," an "ongoing entity," or "good will" when it purchased plaintiff, the contract clearly provides that Infinity was only purchasing plaintiff's tangible business assets, which included plaintiff's accounts receivable, inventory and fixed assets.

We also note that insufficient evidence exists to support Infinity's claim that plaintiff breached the restrictive covenant of the contract. While there is evidence of a reprint of a certain medical book, the company responsible for the reprint is not affiliated with plaintiff, the reprint apparently occurred in Hong Kong, not the United States, and the reprint does not constitute "color separation" business.

We have considered defendant's other claims and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.