■ AIRLINES REPORTING CORPORATION, Appellant, v PRO TRAVEL, INC., et al., Respondents. [657 NYS2d 654] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 27, 1996, which granted defendants' motion to dismiss this action for plaintiff's lack of standing to sue as a real party in interest, unanimously reversed, on the law, without costs, the motion is denied, and the complaint reinstated.

Plaintiff is in the business of accrediting travel agents in the United States for the sale of world wide air transportation tickets and ancillary travel services. Its program is accomplished through a computerized system known as the Agent's Standard Ticket and Area Settlement Plan. Pursuant to this Plan, travel agents enter into a formal Agent Reporting Agreement whereby plaintiff, authorized under separate agreement with commercial air carriers, furnishes the agents with

blank accountable standard forms to be issued as airline tickets and other travel instruments. In exchange, the agents report their sales and remit all proceeds to plaintiff on a weekly basis.

The instant action is against one such travel agency for failure to account for the sale of some $250,000 worth of tickets, alleging breach of contract, unjust enrichment, conversion, breach of fiduciary obligation, negligent failure to supervise employees, and fraud.

A contracting party generally has a right to maintain an action in its own name (CPLR 1004). Plaintiff was not some stranger whose only connection to these transactions was by power of attorney (cf., *Spencer v Standard Chems. & Metals Corp.*, 237 NY 479). Notwithstanding its status as a clearinghouse for the airlines, plaintiff had independent authority and its own beneficial interest in this business (*see, Watts v Phillips-Jones Corp.*, 211 App Div 523, *affd* 242 NY 557). Plaintiff's agreement with the carriers permitted such independence of operation, and defendant, by signing onto the Plan, agreed to conduct all its business with respect to those carriers exclusively through plaintiff (*see, Jarach v Ocean Carriers Corp.*, 9 AD2d 646).

In short, plaintiff is a "real party in interest," entitled to maintain this action in its own name (*Airlines Reporting Corp. v S & N Travel*, 238 AD2d 292, 293; *see also, Airlines Reporting Corp. v S & N Travel*, 58 F3d 857, 861, n 4). Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.