■ CENTAUR PROPERTIES, LLC, et al., Respondents, v ROBERT FARAHDIAN, Also Known as BEHROOZ FARAHDIAN, Appellant. [817 NYS2d 7]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered March 1, 2005, awarding plaintiff, after a referee's inquest, the principal sum of $220,381.50, unanimously affirmed, with costs.

Defendant waived his claim that plaintiff Centaur Properties lacks standing by failing to raise this affirmative defense in his answer, his motion for summary judgment or his opposition to plaintiffs' cross motion (*see Matter of Prudco Realty Corp. v Palermo*, 60 NY2d 656 [1983]; *Charles Offset Co. v Hobart-McIntosh Paper Co.*, 192 AD2d 419 [1993]). In any event, it is uncontested that Centaur, through its principals, including plaintiff Hay, put up the $220,000 deposit that was lost as a result of defendant's breach of the purchase agreement. Thus, Centaur was the real party in interest here (*see generally Sardanis v Sumitomo Corp.*, 282 AD2d 322 [2001]; *Airlines Reporting Corp. v Pro Travel*, 239 AD2d 233 [1997]).

Defendant's arguments regarding the ambiguity of the contract are unpreserved since he never raised them in prior proceedings. In any event, the arguments based on alleged ambiguities, as well as on defendant's alleged oral modifications or oral condition precedent, are entirely without merit. The contract is unambiguous, thus precluding defendant's parol evidence of the alleged oral agreements (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). The court's concession that the "no consideration" clause was ambiguous in the amendment to the purchase agreement, by which defendant became obligated to purchase 51% of the subject unit, does not render the contract ambiguous. As the court found, there was, in fact, consideration in the form of plaintiff Hay's relinquishment of 51% of his rights under the purchase agreement, and defendant's assumption of 51% of the obligations. Defendant's alleged oral modifications or conditions are void under the contract's integration clause (*see Daiichi Seihan USA v Infinity USA*, 214 AD2d 487 [1995]), its no-oral-modification clause (General Obligations Law § 15-301 [1]), and the statute of frauds as it relates to the purchase of real property (General Obligations Law § 5-703). Defendant's claim, improperly raised for the first time in his reply brief, that the alleged oral modifications may be proven by parol evidence because of his part performance (*see Rose v Spa Realty Assoc.*, 42 NY2d 338 [1977]), is rejected. The part performance asserted by defendant here is not "unintelligible" or "extraordinary" without reference to the alleged oral modification or oral agreement to "flip" the unit (*see Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]).

Defendant's assertion that plaintiff Hay failed to demonstrate prima facie entitlement to summary judgment is without merit. There were sworn statements that Hay was ready, willing and able to close on the property, and defendant himself averred that Hay already had financing in place to purchase the unit. Defendant offered no evidence to the contrary. His assertion that the closing date had already passed before he became a purchaser under the contract is belied by the admission by him and his attorney that that date had not passed.

Defendant has not preserved the defense of failure to mitigate damages because he failed to raise it in prior proceedings. In any event, we find, as a matter of law, that plaintiffs could not be obligated to put at risk more than twice the amount they were obliged to pay under the purchase agreement, to cover defendant's share of the contract, in order to protect the down payment (*see generally* Restatement [Second] of Contracts § 350, Comment *g*).

We have examined defendant's remaining arguments and find them without merit. Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.