Tenth Street Holdings, LLC, Petitioner-Landlord-Respondent, 
against
James McKowen, Respondent-Tenant-Appellant, - and - "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Arlene H. Hahn, J.), entered March 27, 2015, which, upon an order granting landlord's motion for summary judgment, awarded landlord possession in a holdover summary proceeding, and (2) and order (same court and Judge), dated July 23, 2015, which denied tenant's motion to renew and reargue the aforesaid judgment, or in the alternative, for a permanent stay of execution of the warrant of eviction.




Per Curiam.
Final judgment (Arlene H. Hahn, J.), entered March 27, 2015, affirmed, with $25 costs. Order (Arlene H. Hahn, J.), dated July 23, 2015, insofar as appealable, affirmed, without costs.
Landlord was properly awarded summary judgment in this holdover proceeding based upon chronic rent delinquency. The record conclusively demonstrates that tenant's pattern of rent defaults forced landlord to commence five nonpayment proceedings over a three and one-half year period, which were uniformly resolved in landlord's favor, with no bona fide defenses advanced by tenant (see Definitions Personal Fitness, Inc. v 133 E. 58th St. LLC., 107 AD3d 617 [2013]; Adam's Tower Ltd. Partnership v Richter, 186 Misc 2d 620 [2000]).
Nor did Civil Court improvidently exercise its discretion in denying renewal, since tenant's newly raised defense of waiver was waived because he failed to raise it as a defense in his answer and in opposition to landlord's motion for summary judgment (see McIntosh v Niederhoffer, Cross & Zeckhauser, 106 AD2d 774, 775 [1984], lv denied 64 NY2d 608 [1985]; see generally Centaur Props., LLC v Farahdian, 29 AD3d 468 [2006]; Hebrew Inst. for Deaf & Exceptional Children v Board of Educ. of City of NY, 309 AD2d 783 [2003]).
We also find no abuse of discretion in the denial of tenant's motion for a permanent stay of the possessory judgment, inasmuch as he failed to submit an affidavit setting forth factors warranting such relief (see generally 326-330 E. 35th St. Assoc. v Sofizade, 191 Misc 2d 329 [App Term, 1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 22, 2016