■ GILI HABERBERG et al., Appellants, v G.F.A. ADVANCED SYSTEMS LTD. et al, Respondents, et al., Defendants. [28 NYS3d 12]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 31, 2015, granted defendants G.F.A. Advanced Systems, Ltd., G.F.A. Advanced Systems, Inc., and New York City Marshal Stephen Biegel's motion, pursuant to CPLR 3211 (a) (2), to dismiss the amended complaint as against them, unanimously modified, on the law and the facts and in the interest of justice, to deny the motion as to the first, second, and seventh causes of action as against G.F.A. Advanced Systems, Ltd., G.F.A. Advanced Systems, Inc. and New York City Marshal Stephen Biegel and the third cause of action as against G.F.A. Advanced Systems Ltd. and G.F.A. Advanced Systems, Inc., except to the extent that these causes of action are asserted by plaintiffs MHB Corp. and MHB Realty Corp, and otherwise affirmed, without costs.

Plaintiffs seek, inter alia, to protect their assets, which include an apartment building located on York Avenue in Manhattan, from enforcement of a domesticated Israeli judgment entered against Sanit LLC in a prior action brought by G.F.A. Advanced Systems, Ltd. and G.F.A. Advanced Systems, Inc. (together, GFA). The underlying debt arose in connection with a failed fish farming venture involving GFA, Efraim Bason, and entities owned and/or controlled by Bason, including Sanit LLC (Bason Sanit), under tax identification number xx-xxx-2986.

After GFA commenced to enforce the judgment, the existence of a second, independent, and unrelated business operating as Sanit LLC, under tax identification number xx-xxx-1024 came to light. This Sanit LLC (Sanit 1024) was operated by plaintiffs Gili and Benjamin Haberberg and Baruch Bezner, in his capacity as the owner of dissolved MHB Corp., and was not involved

with the fish farming venture or the related judgment. Sanit 1024, a real estate holding company, came to exist after Doron Hershkovitz, an attorney, offered the Haberbergs the use of "Sanit LLC," a limited liability company he had formed for Bason and mistakenly believed to have been abandoned by Bason. The two Sanit LLCs then operated independently, unbeknownst to each other.

The individual plaintiffs, who own Sanit 1024, are the real parties in interest here and, as such, they have standing to sue in their own names (*see generally Centaur Props., LLC v Farahdian*, 29 AD3d 468 [1st Dept 2006]; *Airlines Reporting Corp. v Pro Travel*, 239 AD2d 233 [1st Dept 1997]). York 97, LLC, the entity to which Sanit 1024's property was transferred, has standing and capacity to bring this action. However, MHB Corp. has no standing to sue herein because it is a dissolved corporation (*see* Business Corporation Law §§ 1005 [a] [1]; 1006 [a]), and MHB Realty Corp. has no standing because it is a separate legal entity that only began doing business after Sanit 1024's formation.

Plaintiffs' claims are not barred by res judicata, because the nature of relief available to Sanit 1024 in the domestication action was limited (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 348-349 [1999]). Collateral estoppel is also inapplicable, because GFA and Biegel failed to establish an identity of issues in this action and the domestication action that were necessarily decided against Sanit 1024 and, by extension, plaintiffs herein, in the domestication action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]).

The Haberbergs, Bezner, and York 97, LLC state a cause of action for unjust enrichment against GFA (the second cause of action), since, by enforcing the judgment against a non-debtor, GFA is being unjustly enriched at plaintiffs' expense (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408 [1st Dept 2011], *affd* 19 NY3d 511 [2012]). The absence of a confidential or fiduciary relationship is not dispositive here, because the enrichment does not arise from plaintiffs' having been induced to act (*cf. Mandarin Trading Ltd.*, 16 NY3d at 182). Plaintiffs' claims are based upon the taking of their property to satisfy the obligations of entities unrelated to them (*see e.g. Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 117 [1st Dept 1990], *lv denied* 77 NY2d 803 [1991]).

York 97, LLC, as the successor in interest to Sanit 1024, states a claim for a constructive trust over those funds against

which the judgment was enforced (the second cause of action) (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]; *Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472 [1st Dept 2010]). Justice would demand the imposition of such a trust here, even absent a confidential or fiduciary relationship, to prevent unjust enrichment (*see Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]).

GFA and Biegel failed to establish their entitlement to dismissal of the claim for a permanent injunction (the seventh cause of action) since they failed to show that the real property at issue was not unique (*see Ansonia Assoc. v Ansonia Residents' Assn.*, 78 AD2d 211, 219 [1st Dept 1980]; *Alba v Kaufmann*, 27 AD3d 816, 818 [3d Dept 2006]). Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.