Meiterman v Corporate Habitat (2019 NY Slip Op 05078)





Meiterman v Corporate Habitat


2019 NY Slip Op 05078


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9709 100942/17

[*1]Bernard Meiterman, et al., Plaintiffs-Respondents,
v
Corporate Habitat, et al., Defendants-Appellants, John Does 1-5, et al., Defendants.


Law Office of D. Paul Martin PLLC, New York (D. Paul Martin of counsel), for Corporate Habitat and Yacov Smouha, appellants.
Law Offices of Jason J. Rebhun, P.C., New York (Jason J. Rebhun of counsel), for Da Development Group and David Shenfeld, appellants.
Bernard Meiterman, respondent pro se.
Jay Domb, respondent pro se.
Glenn Isaacs, respondent pro se.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 24, 2018, which denied defendants' motions to dismiss the complaint pursuant to CPLR 3106(b) and CPLR 3211(a)(1),(3), and (7), and granted pro se plaintiffs' cross motion for leave to file an amended complaint to the extent of directing plaintiffs to file a second proposed (first) amended complaint, unanimously reversed, on the law, without costs, defendants' motions granted and plaintiffs' motion denied. The Clerk is directed to enter judgment accordingly.
Plaintiffs, the individuals who own the membership interests in a New York State limited liability corporation formed for the purpose of purchasing and developing certain real property, allege fraud and negligent misrepresentation in connection with their negotiations with defendants to purchase those membership interests and the attendant right of the LLC to purchase the property.
The court erred in concluding that plaintiffs are the real parties in interest and have standing to sue in their own names (see Centaur Props., LLC v Farahdian, 29 AD3d 468 [1st Dept 2006]).
In any event, the vague and general allegations in the original and amended pleadings that defendants misled plaintiffs about defendant's financial abilities and defendant's intent to consummate the transaction being negotiated are conclusory and fail to satisfy the standard for pleading fraud under CPLR 3016(b) (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 61 [1st Dept 2017]). The complaint fails to state a cause of action for negligent misrepresentation, because plaintiffs do not allege the existence of a special or privity-like relationship (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]). As the proposed amendments are palpably insufficient as a matter of law, plaintiffs' motion for leave to amend should be denied (see Davis & Davis v Morson, 286 AD2d 584 [1st Dept 2001]).
Plaintiffs' arguments that the appeal is defective due to improper service and that defendants submitted an incomplete record on appeal are without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK