Cambridge Invs. LLC v Prophecy Asset Mgt., LP (2020 NY Slip Op 06703)





Cambridge Invs. LLC v Prophecy Asset Mgt., LP


2020 NY Slip Op 06703


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 655701/18 Appeal No. 12381 Case No. 2019-03353 

[*1]Cambridge Investments LLC, Plaintiff-Appellant,
v
Prophecy Asset Management, LP, Defendant-Respondent.


Franzino & Scher, LLC, New York (Frank J. Franzino Jr. of counsel), for appellant.
Morgan, Lewis & Bockius LLP, New York (Jason D. Frank of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 16, 2019, which granted defendant's motion to dismiss the complaint with prejudice pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
On appeal, plaintiff does not attempt to defend the first cause of action (breach of contract) as pled in its complaint; instead, it makes arguments about different purported breaches (one in the fall of 2017 and another on February 5, 2018). Plaintiff did not claim the latter was a breach until its opposition to defendant's motion; however, it "may not amend [its] complaint via statements in a memorandum of law" (Rosenberg v Home Box Office, Inc., 2006 NY Slip Op 30358[U], *20 [Sup Ct, NY County], affd 33 AD3d 550 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). As for the former, plaintiff did not claim it was a breach until its appellate brief; hence, its claim is unpreserved (see e.g. Morera v New York City Tr. Auth., 182 AD3d 509, 510 [1st Dept 2020]).
Plaintiff's second cause of action (breach of the implied covenant of good faith and fair dealing) depends on its conversations and understandings with defendant. However, the parties' contract contains a merger/integration/no-oral-modification clause. Courts enforce such clauses (see e.g. Jarecki v Shung Moo Louie, 95 NY2d 665, 669 [2001]; Daiichi Seihan USA v Infinity USA, 214 AD2d 487, 488 [1st Dept 1995]). Furthermore, the contract does not say plaintiff has the right to make defendant invest at any particular rate; on the contrary, it says that allocations and account exposure may be reduced at defendant's sole discretion and that an increase in allocation requires both parties' agreement. Defendant cannot breach the covenant of good faith and fair dealing if the contract gives it sole and complete discretion (see Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020