Kapitus Servicing, Inc. v Epazz, Inc. (2024 NY Slip Op 04741)

Kapitus Servicing, Inc. v Epazz, Inc.

2024 NY Slip Op 04741

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 651031/20 Appeal No. 2651 Case No. 2023-03227 

[*1]Kapitus Servicing, Inc. Formerly Known as Colonial Funding Network, Inc., as Servicing Provider for TVT Capital, LLC, Plaintiff-Respondent,
v
Epazz, Inc. Doing Business as Epazz Doing Business as Auto Hire et al., Defendants-Appellants, John Does 1-10, Defendants.

Robert B. Harmon, New York, for appellants.
Kristyn N. Harrison, New York, for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on May 31, 2023, which granted plaintiff's motion for summary judgment on its claims and striking defendants' counterclaim and affirmative defenses, and denied defendants' motion to dismiss the complaint or alternatively for summary judgment on their counterclaim and dismissing plaintiff's claims, unanimously affirmed, with costs.
This action was not subject to dismissal for lack of capacity, for substantially the same reasons stated in our recent decision in Kapitus Servicing, Inc. v MS Health, Inc. (221 AD3d 504, 505 [1st Dept 2023]). Regardless of whether TVT Capital LLC, a foreign limited liability company, was barred from initiating suit in New York (see Limited Liability Company Law § 802 [b][i], plaintiff's ability to bring suit in New York is not in dispute. Notwithstanding its status as a servicing agent for TVT, Kapitus was a signatory to the subject settlement agreement and had a pecuniary interest in the underlying financing agreements and was thus a "real party in interest" entitled to maintain this action in its own name (see CPLR 1004; Airlines Reporting Corp. v Pro Travel, 239 AD2d 233, 234 [1st Dept 1997]). Kapitus also indisputably had the right to bring suit on TVT's behalf, and a foreign limited liability company's noncompliance with filing requirements "shall not limit or impair . . . the right of any other party to maintain any action or special proceeding on any such contract, act or omission" (see Limited Liability Company Law § 802[b][i]).
With respect to the summary judgment motions, the motion court correctly concluded that defendants did not comply with their obligations under ¶ 7 of the settlement agreement such that plaintiff's obligation to remove liens was triggered. It is undisputed that defendants did not make all payments due under the settlement agreement within the first year it was in effect, nor did they cure these defaults within this period. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024